GEORGE E. TURNER, Respondent, v. ANDREW
BROWN, Appellant.

**Kansas City Court of Appeals, December 4, 1899.**

1. **Chattel Mortgages:** CONDITIONAL SALE: CONSTRUCTION:
REPLEVIN. The law does not favor conditional sales and in doubt-
ful cases the courts incline to favor mortgages. The instrument set
out in the opinion is held to be a mortgage of indemnity and not a
conditional or absolute sale; and upon condition broken plaintiff was
entitled to possession of the property and to maintain replevin
therefor.

2. ———: REDEMPTION: FORECLOSURE. Under the instrument in
suit after condition broken, the mortgagor had the right of redemp-
tion until foreclosure by paying the money secured and the damages
resulting from the broken condition; but on his failure to redeem,
the mortgagee could hold the property subject to sale and indemnify
himself out of the proceeds.

3. **Replevin:** RIGHTS OF THE PARTIES. All the rights of the par-
ties could be adjusted in an action of replevin.

Appeal from the Worth Circuit Court.—*Hon. P. C. Stepp,*
Judge.

REVERSED AND REMANDED.

*W. H. Crawford* and *A. M. Tibbels* for appellant.

(1) The court erred in overruling defendant's demurrer
to plaintiff's evidence for the following reasons, viz.: Be-
cause if said contract is held to be a chattel mortgage, being
one without any condition as to advertisement, sale, etc., it
ought to have been foreclosed under the provisions of section
7090, Revised Statutes 1889. (2) The court erred in refus-
ing instruction number 4, asked by defendant

*Sanders & Lingenfelter* for respondent.

(1) The court did not err in overruling defendant's de-
murrer to plaintiff's evidence. There was certainly sufficient

evidence to entitle the case to go to the jury.   Taylor v. Short, 38 Mo. App. 21; Baum v. Fryrear, 85 Mo. 151; Rippey v. Friede, 26 Mo. 523; Eswin v. Railway, 96 Mo. 290; Price v. Barnard, 65 Mo. App. 649; Jennings v. Railway, 112 Mo. 268.   (2)   We insist that even though the court should hold that said contract is a chattel mortgage, the appellant's position is not well taken, and the court properly overruled the demurrer.   The evidence is conclusive that defendant refused and failed to comply with the conditions of his contract. After condition broken, the legal title to the property mortgaged is in the mortgagee and he may maintain replevin for the property covered by the mortgage.   Lacy v. Giboney, 36 Mo. 320; Johnson v. Houston, 47 Mo. 227; Willison v. Smith, 52 Mo. App. 133.   (3)   The court committed no error in refusing instruction number 4 asked by appellant.   Gregory v. Tavenner, 38 Mo. App. 627; Cook v. Clary, 48 Mo. App. 166; Trimble v. Mercantile Co., 56 Mo. App. 683; Beatie v. Coal Co., 56 Mo. App. 221.

SMITH, P. J.—This is an action of replevin which was brought before a justice of the peace to recover three horses. The plaintiff had judgment in the circuit court and defendant appealed.

The facts which the evidence tends to establish are these: One Brandt was awarded by the United States a contract for carrying the mail between Grant City and Sheridan, in this state, at seventy-five dollars a quarter.   Brandt afterwards sublet this contract to plaintiff, and also sold him the spring wagon hereinafter referred to.   Plaintiff and defendant entered into a written contract by which it appears that in consideration of seventy-five dollars plaintiff sold defendant said spring wagon and the said mail route, one-half of said purchase price to be paid whenever payment should be made for carrying the mail on said route for the first quarter and the second instalment when payment should be made on the second quar-

ter.    This contract contained other provisions to the effect that, in consideration of the payment to defendant by plaintiff of one dollar, and for other valuable considerations, the former sold to the latter the horses described in the complaint, the title thereto to vest in plaintiff but the possession to remain in defendant until the condition of the contract should be broken. These further provisions were contained in the contract:

"It is further agreed by the said Brown that he shall faithfully and punctually carry the mail according to the government schedule to and from the points named above, and that he will at all times deport himself in accordance with the postal regulations so that the said Turner, nor his grantors nor bondsmen shall be in anywise liable to the government therefor.

"It is further agreed that in the event the said Brown shall fail to carry out and perform all the duties of mail carrier as aforesaid, then and in that event the said Turner is hereby empowered to enter the premises wherein said property may be found and take possession of the same, but the title and possession of said property as aforesaid shall by these presents then become fully vested in the said Turner as aforesaid.

"In case the said Brown shall comply with all the stipulations of the foregoing contract, then and in that event, these presents, so far as they relate to the title to the aforementioned hack, harness and horses, shall be void and the title thereto shall vest and remain in the said Brown."

The defendant, in pursuance of said contract, carried the mail on said route from July 18 to September 9, when he abandoned it.   The plaintiff was in consequence thereof compelled to resume carrying it himself.   The defendant declining to deliver said property, as he had bound himself under said contract to do, this suit was instituted.

The instrument effected a present transfer of the title to the property specified therein to the plaintiff, subject to be defeated by the noncompliance by the defendant with all the

provisions thereof. These provisions made it a mortgage, valid and binding as between the parties thereto. The defendant made default in the performance of the conditions thereof and by the terms and provisions thereof the right of possession passed to plaintiff; so that the legal title became vested in plaintiff, subject to defendant's mere equity of redemption. We can not think the transaction was a conditional sale. Of course it is often quite difficult to distinguish such a sale from a mortgage. The law does not favor conditional sales and in doubtful cases the courts incline to favor mortgages. If it appears that a given transaction was intended by the parties to be a mortgage it will not be suffered to be converted into an absolute or conditional sale by any mere form of words. A mortgage is generally a security for a debt, or an indemnity to save the mortgagee, harmless against a contingent liability or loss that may be in some way incurred by him. While a conditional sale is usually a purchase for a price paid, or to be paid, to become absolute in a particular event. In the present case it does not appear that the plaintiff paid or was to pay defendant anything for the property.

We can not lend countenance to the idea that it was the intention of the parties that in the event the defendant made default in the performance of the conditions of the contract that the plaintiff's title should thereby become absolute, and that the defendant should, in that event, have no equity of redemption. It seems clear to us that the transaction was a mortgage of indemnity. The inference to be deduced from the language of the instrument and the circumstances surrounding its execution, as disclosed by the evidence, is that it was the intention that the plaintiff should be thereby afforded indemnity for any loss or damage to which he might be subjected by reason of the defendant's default in performing the conditions of the contract. It might well have been that in consequence of such default the plaintiff was subjected to considerable loss and damage. It may have been that the mail

could not be carried on said route for the compensation allowed under the contract; that losses in other ways may have directly resulted to the plaintiff on account of the defendant's default, against all of which the plaintiff was protected by the indemnity afforded by mortgage.

It seems to us that the said mortgage was to stand as a security for the payment of the seventy-five dollars, the purchase price of the spring wagon. If each of the two deferred instalments were not paid at the times therein stipulated, this was also a breach of the conditions of the mortgage which authorized the plaintiff to take possession of the mortgaged property. It was competent for the defendant to show that this debt was paid before this suit was begun, and that the plaintiff was not entitled to possession for that reason. If the defendant failed to pay, or caused to be paid all of said seventy-five dollars, or any part thereof, at the stipulated times, or failed to perform the conditions of the contract in respect to carrying the mail, the plaintiff, in consequence of one or both of such defaults, became entitled to the possession of the property. He had a right to hold and subject it to sale, and out of the proceeds to discharge said debt, if not paid, and to make himself whole for any direct loss sustained by reason of the defendant's default in respect to the mail contract. Until the defendant's equity of redemption is properly foreclosed he may redeem by the payment of the said debt, or the part remaining unpaid, if any, and the amount of the actual loss or damage sustained by plaintiff growing out of the defendant's default in carrying the mail.

It appears from the evidence that before this suit was commenced the defendant re-delivered the spring wagon to the plaintiff, but whether it was received in discharge of the purchase price due plaintiff, or how, is not disclosed. If it was taken back in discharge of the debt, then that operated as a satisfaction of the mortgage as to the seventy-five dollar debt.

If Brandt retained for plaintiff any part of the money

that he received from the United States that was due the defendant for carrying the mail and applied it on the debt of plaintiff to him, Brandt, then it would seem that if this amount was equal to the actual loss or damage sustained by plaintiff on account of the defendant's failure to perform the contract in respect to carrying the mail, then the plaintiff could have no interest in said property or right to the possession thereof. All the rights of the parties can be adjusted in this action. Gregory v. Tavenner, 38 Mo. App. 627; Dilworth v. McKelvy, 30 Mo. 149; Boutell v. Warne, 62 Mo. 350. The interest of the plaintiff in the mortgaged property was only special until foreclosure. His title was not absolute and unconditional. The court should have, by its instructions, directed the jury to find the value of the plaintiff's special interest in the property, and then given judgment accordingly. R. S. 6185.

It follows from this that the defendant's fourth instruction, which was refused, should have been given.

The judgment will be reversed and cause remanded. All concur.