ANDERSON v. FARMER et al. (No. 1046.)*

(Court of Civil Appeals of Texas. Amarillo. Oct. 25, 1916. Rehearing Denied Nov. 29, 1916.)

1. VENDOR AND PURCHASER ⬅231(4)—BONA FIDE PURCHASER—NOTICE.

A purchaser need not examine the records for previous conveyances executed by his grantor prior to the time the title held by such grantor originated, nor is he charged with no-

tice of prior deeds or mortgages given by the grantor previous to the origin of title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 516; Dec. Dig. 231(4).]

2. PUBLIC LANDS 178(2)—RIGHTS OF PUR-CHASER—LIENS.

A purchaser of school lands, who gave vendor's lien notes in payment, cannot, by permitting a forfeiture for failure to pay the interest and then securing a reaward of the lands, defeat the rights of his vendor.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 580; Dec. Dig. 178(2).]

3. MORTGAGES 186(3), 536—NOTICE—BURDEN OF PROOF.

A vendor, asserting that a mortgagee of the purchaser as well as the one who bought on foreclosure sale was charged with notice of his vendor's lien notes, has the burden of proving notice.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 454, 1557; Dec. Dig. 186(3), 536.]

4. MORTGAGES 536—BONA FIDE PURCHASER—NOTICE—IMPLIED NOTICE.

The owner of school lands sold them, receiving vendor's lien notes for the purchase price. The purchaser allowed the lands to be forfeited for nonpayment of interest, etc., and after securing a reaward mortgaged them to his father. On foreclosure sale the lands were bought in by the purchaser's mother. She and the father had been notified by the purchaser that he had exchanged other land for the school lands. The deed to the purchasers recited the reservation of vendor's lien notes. *Held* that, though the purchaser by allowing the land to be forfeited and then securing a reaward could not defeat the vendor's lien notes, nevertheless his mother and father were not charged with notice of the vendor's lien notes by reason of their knowledge of the purchase or exchange, and so the title acquired by purchaser's mother at foreclosure sale was superior to the lien of the notes.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1557; Dec. Dig. 536.]

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by A. L. Anderson against P. H. Farmer and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Y. W. Holmes, of Plainview, for appellant. Smith & Palmer, of Comanche, for appellees.

HENDRICKS, J. The plaintiff, A. L. Anderson, appellant in this court, as the holder of three vendor lien notes, executed by W. E. and P. H. Farmer, instituted this suit against them in the district court of Hale county, together with their mother, to foreclose on three sections of school land, situated in Yoakum county. Anderson alleged that Martha M. Farmer, the mother, was setting up a claim for the land as a purchaser under an order of sale, issued in a foreclosure suit, by virtue of a certain deed of trust, executed by W. E. and P. H. Farmer, to their father, now deceased, alleging that both the father and mother, when the deed of trust was given and when the foreclosure sale under same was made, possessed both actual and constructive notice of plaintiff's lien.

One Akers, who had purchased the particular school land from the state, in March, 1909, conveyed said land to P. H. Farmer on February 15, 1911, the consideration for same being the exchange by Farmer of other land situated in another portion of the state and the additional consideration of the three vendor lien notes for $250 each, afterward acquired by plaintiff, Anderson. The commissioner of the General Land Office forfeited the land for nonoccupancy, on April 8, 1911, but awarded the same to Farmer on April 28, 1911. Thereafter it was again forfeited for nonpayment of interest on July 12, 1913, and reawarded to Farmer December 16, 1913. After the first forfeiture, but prior to the second forfeiture, Farmer executed the deed of trust to his father, which was in some manner acquired by Mrs. Farmer, the mother, and by her foreclosed, and the property purchased by her at foreclosure sale. The legal question upon the facts is one of superiority between this lien, and the previous lien exhibited in the deed from Farmer to Akers, which set out the notes, executed before the first forfeiture on account of nonoccupancy.

[1, 2] It is the settled law that a purchaser of land is not required to examine the records for previous conveyances executed by his grantor prior to the time the title, held by such grantor, originated; nor is he charged with notice by the record of such prior deed or mortgage given by such grantor previous to the origin of the title. Breen v. Morehead, 104 Tex. 257, 136 S. W. 1047, Ann. Cas. 1914A, 1285; Devlin on Deeds (3d Ed.) vol. 2, § 725, and cases cited in footnotes Nos. 7 and 8 on page 1331. It is, however, held in Gunnels et al. v. Cartledge et al. that a purchaser could not permit a forfeiture of his school land for failure to pay the interest and then, after forfeiture, plead such fact as a failure of consideration in defense against certain notes given for deferred payments arising in a prior purchase of said school land. 26 Tex. Civ. App. 623, 64 S. W. 806 (writ of error denied by Supreme Court).

The trial court found against Anderson, the holder of the previous vendor lien notes, and decided in favor of Mrs. Farmer, claiming the title under the foreclosure of the deed of trust executed subsequent to the forfeiture.

As stated, the facts show that Farmer traded certain land in another county to Akers, for the three sections of school land, with the additional consideration of the execution and delivery of the three notes.

Mrs. Farmer testified:

"That she heard of the boys, W. E. and P. H. Farmer, making a trade with a man named Akers, for some land in Yoakum county, Tex. * * * The deceased husband also hear about it. * * * Known nothing of the details of the trade. * * * The boys wrote home about it. * * * My husband and I learned about it at the same time; all we knew was through letters from the boys. * * * We understood they were trading a piece of land at Stacy for the Yoakum county land."

She also testified that they knew of the forfeiture, but as to any information to them of the cause of the forfeiture, the record is silent.

Appellant's position is that Farmer, who purchased the land from Akers, on account of his neglect, was the cause of the forfeiture by the Commissioner of the Land Office; that, being culpable in that respect, his repurchase of the land subsequent to the forfeiture would continue the previous vendor's lien as between him, Farmer and Akers, as a matter of equity; that J. N. Farmer, who acquired the subsequent deed of trust, after the forfeiture, was not an innocent mortgagee, for the reason that he knew that a trade had been made between Akers and his son, and consequently knew that Akers had deeded the land, and on account of this knowledge, by virtue of the duty of inquiry, he was also charged with the contents of the deed, containing the recitations reserving the lien, as well as a description of the vendor lien notes; that Mrs. Farmer, who afterwards acquired the mortgage, had the same information, and hence is charged with knowledge of the same facts as her husband.

The logic of the decision of Breen v. Morehead, supra, by our Supreme Court, would, at least, require actual notice, or that knowledge imperatively charged by the duty of inquiry from suggestive facts; and the question in this record is, Do the facts invoke the application of the principle arising from the doctrine of imperative inquiry? The Farmers, the husband and wife, had the right to assume, of course, that Akers conveyed whatever title he had to their son. And it might probably be that they would be charged with knowledge that a deed or written conveyance was executed for that purpose.

[3] Appellant argues that the contents of this deed they are also charged with. What the rule would be upon the conditions assumed by appellant it is not necessary to decide. Clearly, the burden of proof was upon appellant to prove notice.

[4] Mrs. Farmer testified that she knew nothing of the details of the trade; that the information obtained by her and her husband was through a letter written by the boys while the latter were residing at Stacy. "My husband and I understood the boys were trading a piece of land near Stacy for the Yoakum county lands." If this were the only knowledge conveyed in the letter—and evidently the trial court so considered it—the information merely of an exchange of lands might preclude a suggestion of any additional consideration to Akers, different from the case of knowledge of the fact of a mere purchase of land, without knowledge of the details of the consideration. Because it might be considered that one who had knowledge that another had merely purchased land, without knowledge of details, would be put upon inquiry of the consideration and the contents of a deed including a lien, which we do not decide, does not necessarily argue that knowledge of a mere exchange of lands would put upon inquiry one subsequently acquiring rights in said property whether the vendor making previous exchange of other land for such land reserved a lien upon the land received in such exchange for an additional consideration of which he knew nothing. If the Akers deed to Farmer, the son, were in the chain of title, which the mortgagee would have to regard in the line of title back to the sovereignty, our conclusion would be different; but this case involves the doctrine of notice in pais, and whether disclosed facts are sufficiently suggestive of other facts to be arbitrarily imputed to one dealing with the subject, upon the doctrine of inquiry.

The trial court having decided the question against the appellant, we are not disposed, on the facts, to disturb his conclusion and judgment. Affirmed.