JORDAN v. WILKERSON & CARROLL COTTON COMPANY.

Opinion delivered March 20, 1922.

1. MORTGAGES—AFTER-ACQUIRED TITLE.—An after-acquired title of a mortgagor creates an equitable lien or charge upon the property in favor of his mortgage, and such lien cannot be enforced by replevin, but must be enforced by foreclosure proceedings in equity.

2. TRIAL—WRONG FORUM—WAIVER OF OBJECTION.—Where no objection was taken in an action at law which should have been brought

in equity, it was not error for the law court to proceed with the cause, but equity principles should be applied in the adjudication of the issue involved.

3. Sale—Reservation of Title—Priority.—Where the owner of mules sold them, reserving title until paid for, and subsequently took a mortgage to secure the purchase money without knowledge of an intervening mortgage, the seller is entitled to have his reservation of title enforced.

Appeal from Cross Circuit Court, *R. H. Dudley,* Judge; reversed.

*S. W. Ogan,* for appellant.

The fact that Jordan had possession of the mules at the time he mortgaged them to appellee was not conclusive evidence of ownership, and of the right to dispose of them. 47 Ark. 364; *Forrest* v. *Benson,* 150 Ark. 89.

*Mann & Mann,* for appellee.

The act of the Lansing Company obtaining the legal title to the mules canceled the lien of the Jackson mortgage. 11 Corpus Juris, 685.

Where the mortgagee authorizes the mortgagor to sell chattels, the mortgage lien thereon is discharged. 94 Ark. 165.

The validity of a chattel mortgage upon after-acquired property or property not then *en esse* has been expressly upheld by this court. 52 Ark. 439; 80 Ark. 431; 72 Ark. 390.

By accepting the mortgage from Jordan, the Lansing Company acknowledged that the legal title to the mules was in Jordan. 97 Ark. 432; 129 Iowa 200; 105 N. W. 424; 52 Kan. 358; 35 Pac. 12; 146 Ala. 682; 40 So. 218; 150 Ala. 165; 43 So. 709; 6 Mont. 288; 12 Pac. 652; 85 Wis. 359; 55 N. W. 711.

The failure of the Lansing Company to record its mortgage was fatal. 54 Ark. 273; 49 Ark. 457; 71 Ark. 505.

As between conflicting mortgages the one first filed for record has priority. 33 Ark. 387.

HUMPHREYS, J.   This is a suit in replevin, instituted
by appellee against appellants in the Cross Circuit Court
to recover possession of two mules.   The cause was sub-
mitted to the court, sitting as a jury, upon the plead-
ings and an agreed statement of facts, which resulted
in a judgment awarding possession of the mules to ap-
pellee, from which is this appeal.   The statement of facts
is as follows (omitting formal parts) :

"It is agreed that on the 23rd day of December, 1919,
the Lansing Company sold to Prince Jackson two mules
for the sum of $340.   Jackson gave his notes for this sum,
due on March 1, and November 1, 1919, and to secure the
payment of the same, he executed to said Lansing Com-
pany a chattel mortgage upon the mules so purchased,
a copy of which mortgage and notes is attached hereto.
This mortgage was filed in the office of the recorder for
Cross County on January 15, 1920, and recorded in
Book R at page 261.   No part of the purchase price was
ever paid by Prince Jackson, and the mortgage was not
released of record.   On the 16th of March, 1920, George
W. Jordan, having obtained possession of said mules
from Prince Jackson without knowledge of the Lansing
Company, represented to plaintiff, Wilkerson & Carroll
Cotton Co., that he was the owner of said mules, and
mortgaged the same to the plaintiff for the sum of
$330, extending a note for that amount, and a chattel
mortgage upon the two head of mules, which said mort-
gage was filed in the office of the recorder of Cross County
on the 18th day of March, 1920, and recorded in Book R,
page 424.   Nothing has been paid upon this indebtedness,
and the mortgage has not been released of record. Copies
of the note and mortgage are attached hereto.   On the
26th day of March, 1920, Prince Jackson returned the
mules to the Lansing Company, who on the same day
sold the mules to Geo. W. Jordan for the sum of $340,
the said Geo. W. Jordan executing a note for said amount
to the Lansing Company, which note recites the title to
said mules is retained in the Lansing Company; and also

executed a chattel mortgage upon said mules to secure the same. This mortgage was filed for record in the office of the recorder for Cross County on the 31st day of March, 1920, and was duly recorded in record book R, page 544. This note has not been paid, and the mortgage has not been released of record. Copies of note and mortgage are attached hereto. It is further agreed that the Lansing Company is located at Parkin, Arkansas, fourteen miles from Wynne, Arkansas, the county seat of Cross County. and on a direct railroad line, and that mail placed in the postoffice at Parkin should reach Wynne within twenty-four hours. It is also agreed that the mules which are the subject of this litigation are now in the possession of the Lansing Company, and were at the beginning of this suit, and that they are of the total value of $150.''

Under the agreed statement of facts, it is apparent that appellee based its right to recover the possession of the mules upon an after-acquired title of its mortgagor, George W. Jordan. George W. Jordan mortgaged the mules to it on the 16th day of March, 1920, and did not acquire the title to them until six days thereafter, at which time he purchased them from the Lansing Company, appellant herein. The Lansing Company took a note from Jordan for the purchase money and retained the title in itself to them, and also took a mortgage on them to secure the purchase money, but did not record the mortgage until five days thereafter. There is nothing in the agreed statement of facts to indicate that appellant had actual knowledge of appellee's mortgage at the time it took the mortgage from George W. Jordan to secure the purchase money of the mules. So it must be presumed that it had constructive notice only of the existence of appellee's mortgage. Appellee acquired an equitable, and not the legal, title to the mules under its mortgage, as its grantor acquired the title to them subsequent to the execution of the mortgage. An after-acquired title of a mortgagor creates an equitable lien or charge upon

the property in favor of his mortgagee, and such a lien cannot be enforced by replevin in a court of law, but must be enforced by foreclosure proceedings in a court of equity. *Apperson Co.* v. *Moore,* 30 Ark. 56; *Jarratt* v. *McDaniel,* 32 Ark. 598. No objection, however, was made to the jurisdiction of the court to proceed with the cause, and no error was committed in doing so. But equity principles should have been applied in the adjudication of the issue involved. In other words, the superior lien in equity, as between the mortgagees, appellant and appellee, should have been declared the paramount and prevailing lien. The fact is, appellant was the owner of the mules and sold them to appellee's mortgagor, George W. Jordan, retaining the title until the purchase money should be paid. Immediately thereafter, and in ignorance that Jordan had executed a mortgage on the mules to appellee, appellant also took a mortgage to secure the purchase money, which it neglected to record for five days. The consideration of the mortgage from Jackson to appellee was paid before, and not after, the sale of the mules to Jackson by appellant. Appellee was not misled to its disadvantage by the transaction between appellant and Jackson. It is manifest that appellant would not have accepted a mortgage in lieu of the retention of its title in the mules if it had actually known that its vendee had theretofore executed a mortgage on them to appellee. Under these circumstances appellant, in good conscience and equity, should have been restored to its rights under the note and contract in which it retained title to the mules. This equitable principle was applied by this court in the restoration of a senior mortgagee's prior lien where the senior mortgagee, through ignorance of an intervening mortgage to a third party, had taken a renewal mortgage and satisfied the first or original mortgage of record. *Wooster* v. *Cavender,* 54 Ark. 153. The same doctrine was reannounced in the later case of *Shurn* v. *Wilkinson,* 131 Ark. 167.

For the error indicated the judgment is reversed, and the cause dismissed.