## CENTRAL TRUST CO. OF ILLINOIS v. MINNETONKA LUMBER CO. et al.

No. 14343—Opinion Filed Oct. 14, 1924.

Rehearing Denied March 24, 1925.

1. **Appeal and Error—Right of Review—Party Complaining not Party to Judgment.**

Where no money judgment was asked for or recovered against one of the defendants, and the other defendant, against whom a money judgment was rendered, did not appeal, the amount of the judgment cannot be reviewed upon the appeal of the defendant as to whom no money judgment was rendered.

2. **Appeal and Error—Review—Sufficiency of Evidence.**

Where evidence is admitted without objection tending to sustain the judgment of the trial court, and the evidence so introduced is not controverted or disputed, and no demurrer is interposed thereto, the judgment will be sustained on appeal.

3. **Mortgages—Mortgage Before Acquiring Title—Priority of Subsequent Lien.**

Where one gives a mortgage on property to which he has not acquired title, the record of it is not constructive notice to a subsequent purchaser or incumbrancer in good faith, obtaining a lien upon the property after the mortgagor acquired the title.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Cotton County, A. S. Wells, Judge.

Action by R. V. Aycock Company and Minnetonka Lumber Company against Southern Oil Corporation, and Central Trust Company. Judgment for plaintiffs, and defendant Central Trust Company appeals. Affirmed.

Rollin E. Gish, for plaintiff in error.

Keaton, Wells & Johnston, Madden & Hubbell, and Watson, Gage & Ess, for defendants in error.

Opinion by FOSTER, C. This action originated in the district court of Cotton county, Okla. The defendants in error, Minnetonka Lumber Company and R. V. Aycock Company, brought suit to foreclose a materialman's lien upon a certain leasehold and certain buildings and improvements thereon consisting of a refinery plant and its appurtenances owned and operated by the Southern Oil Corporation, and to have said lien declared paramount and superior to a lien of the Central Trust Company, a corporation, under a mortgage or deed of trust. Separate actions had been filed by the Minnetonka Lumber Company and R. V. Aycock Company, but these actions were later consolidated and a judgment in the consolidated action was rendered in the district court of Cotton county on November 20, 1922, wherein it was adjudged that R. V. Aycock Company have and recover from Southern Oil Corporation the sum of $11,005.41, by reason of its furnishing certain materials and performing certain labor upon the refinery buildings of the Southern Oil Corporation; and that the Minnetonka Lumber Company recover the sum of $13,312.90, and decreeing the R. V. Aycock Company and Minnetonka Lumber Company to have valid liens to the amount of their respective claims upon all of the refinery buildings, still buildings, dwelling houses, offices, and other structures and improvements and appurtenances owned by the Southern Oil Corporation situated upon its leasehold, prior, paramount, and superior to every right and lien of the Central Trust Company under its mortgage or deed of trust, and that said liens be foreclosed.

No motion for a new trial was filed by the Southern Oil Corporation, but on the same date, to wit, November 20, 1922, the Central Trust Company filed its motion for a new trial, which motion was by the trial court on the same day overruled, exceptions taken, notice of intention to appeal given in open court, and an extension of 120 days allowed for the preparation and service of a case-made.

On the 20th day of January, thereafter, the Central Trust Company filed in the trial court its motion to modify the judgment of November 20, 1922, alleging as grounds for said motion that the amounts allowed under said judgment were excessive, and that the liens adjudged in favor of R. V. Aycock Company and Minnetonka Lumber Company should be confined to the specific buildings and improvements upon which materials had been furnished and work and labor performed.

On the 5th day of March, 1923, the motion of Central Trust Company to modify the judgment was sustained, and the modified judgment entered of record on the 21st day of April, 1923.

In the modified judgment the Central Trust Company was given first and prior lien upon four steel storage tanks, the loading racks, pipe line with attachments, and three dwelling houses which had been denied to it in the original judgment, and the first lien secured to the R. V. Aycock Company and the Minnetonka Lumber Company in the original judgment upon all of the property located on the leasehold estate of the Southern Oil Corporation was modified and made to cover only a part of the property upon which its lien extended under the original judgment.

No motion for a new trial was filed by the Central Trust Company or the Southern Oil Corporation to the modified judgment of March 5, 1923, and the Central Trust Company has lodged its appeal in this court within six months from the date of the original judgment.

Upon a consideration of the entire record we are satisfied that by the modified judgment of March 5, 1923, the plaintiff in error in the trial court obtained all the relief to which it was entitled, and it is therefore in no position to attack the judgment of this court on appeal from the original judgment. The leasehold on which the improvements in controversy were placed was not acquired by the Southern Oil Corporation until January 1, 1920. The mortgage under which plaintiff in error claimed, containing a clause covering property afterwards acquired by the Southern Oil Corporation, was filed for record August 12, 1919.

By the modified judgment, improvements placed on the leasehold by the Southern Oil Corporation consisting of four storage tanks, pipe line, loading rack, and three dwelling houses, as to which no material and supplies had been furnished by the defendants in error, were expressly excluded from the lien

of the materialmen and impressed with a first lien in favor of plaintiff in error under its mortgage.

On the balance of the improvements, consisting of the refinery and its appurtenances, the plaintiff in error was given a second lien, subject to the lien of the defendants in error as materialmen. There being no appeal taken by the Southern Oil Corporation from either the judgment of November 20, 1922, or March 5, 1923, and no money judgment asked for or recovered against the plaintiff in error, Central Trust Company, the question of the sufficiency of the evidence to sustain the amount of the judgment recovered against the Southern Oil Corporation in favor of the R. V. Aycock Company cannot be reviewed upon the appeal of the Central Trust Company alone. Scott v. Woods Lumber Co., 86 Okla. 185, 207 Pac. 449.

It being admitted in the brief of the plaintiff in error that the Minnetonka Lumber Company proved both its debt against the Southern Oil Corporation and compliance with the mechanic's lien statute, the only questions remaining at issue as to either company are the questions of priority of lien and the sufficiency of the evidence to establish compliance with the mechanic's lien statute by the R. V. Aycock Company.

As to the latter proposition there was uncontroverted evidence introduced by the R. V. Aycock Company without objection or demurrer thereto, reasonably tending to show compliance by it with the mechanic's lien statute. In these circumstances this court will not reverse the judgment of the court below, although an objection to such evidence might have been successfully interposed. Hazlit v. Hatfield, 56 Okla. 42, 155 Pac. 863.

From examination of the record it cannot be said that the judgment of the trial court was not reasonably supported by the evidence or that its judgment was against the clear weight of the evidence.

On the question of priority of lien we are satisfied that the trial court in the modified judgment of March 5, 1923, properly applied the law in holding that the liens of the Minnetonka Lumber Company and the R. V. Aycock Company were prior and paramount to the liens of the Central Trust Company under its mortgage as to property acquired by the Southern Oil Corporation after the execution of its mortgage to the Central Trust Company, including improvements placed thereon subsequent to its acquisition, and that such after acquired property was brought under the operation of said mortgage subject to the liens of the said lumber companies for materials and supplies furnished the Southern Oil Corporation, and that the recording of said mortgage by the Central Trust Company did not impart constructive notice to them of its claim as to property acquired by the Southern Oil Corporation subsequent to the recording of said mortgages. 27 Cyc. 1207; 23 R. C. L. 209; Ford v. Unity Church Society (Mo.) 25 S. W. 394; Anderson v. Farmer (Tex. Civ. App.) 189 S. W. 508. The same rule applies to chattel mortgages. Wunschel v. Farmers State Bank (Tex. Civ. App.) 203 S. W. 924.

Upon an examination of the entire record, we think the judgment of the trial court is correct and should be affirmed.

By the Court: It is so ordered.