INTERNATIONAL HARVESTER COMPANY, APPELLANT, v. E. P. THRELKELD ET AL., RESPONDENTS.—44 S. W. (2d) 182.

Kansas City Court of Appeals. December 7, 1931.

*Harry J. Libby* for appellant.

*Lane B. Henderson* for respondent.

TRIMBLE, P. J.—Action in replevin, under a chattel mortgage, to recover possession of a farm tractor and tractor-plow, because of default in the payment of the debt secured by the chattel mortgage.

Under the writ the sheriff took possession of the property, whereupon defendants gave a forthcoming bond, and, under it, the defendant Threlkeld obtained possession and has had the use of the property ever since.

A jury was waived and the case was tried by the court. Special findings of fact and conclusions of law were made, after which judgment was rendered for defendants. Plaintiff has duly appealed.

The defense was that the transaction involving the original transfer of the property was in law and in fact a conditional, and not an absolute, sale of the property with chattel mortgage back thereon to secure payment of the unpaid portion of the purchase price. Of course, if it was, as finally consummated, a conditional sale, then, under section 3126, Revised Statutes 1929, plaintiff, before being entitled to repossess the property, must tender or pay back the amount paid thereon less a reasonable compensation for the use of the property not to exceed twenty-four per cent of the amount so paid.

From its findings of facts the trial court drew the conclusion that the transaction involving the transfer of the property was a condi-

tional sale, and, as no tender or repayment of the amount paid thereon had been made, replevin could not be maintained, and therefore judgment was rendered for defendants.

The property was sold to defendant Threlkeld on April 3, 1928, by Wilson & Roy, implement dealers at Clarence, Missouri, under a written order signed by defendant, Threlkeld, addressed to Wilson & Roy, wherein the price of the tractor was fixed at $875, the price of the plow at $90, and the purchaser was to pay $25 freight on the property from the factory to Clarence, Missouri, all aggregating $990. This amount was to be paid as follows: A used tractor and plow were to be turned in by purchaser at the sum of $218, leaving the sum of $772, due on the property ordered, for which the purchaser was to "settle on delivery in cash or approved bankable notes," as follows: $72 due September 1, 1928, $350 due October 1, 1928, and $367.50 due October 1, 1929. The notes were to draw seven per cent interest before, and eight per cent interest after, maturity. Nothing was said in said order or purchase contract about any chattel mortgage, but it was provided in said order that, "title, with right of possession for default, is reserved to the seller until the full purchase price has been paid in cash."

A day or two after said purchase order was given, the tractor and plow reached Clarence, Missouri, and were delivered to the purchaser at the farm of defendant Buford. At the time and place of such delivery the notes and chattel mortgage were given, both of the defendants signing same. (In a declaration given by the trial court it is stated that the vendee (Threlkeld) executed and delivered the notes with defendant Buford as personal surety thereon.) The chattel mortgage, among other things, contains the clause:

"do hereby grant, bargain, sell, mortgage and convey to said mortgagee, his heirs, successors and assigns, the following described property, *owned by me* and in my possession in the Township of Tiger Fork, county of Shelby, State of Missouri, to-wit:" (describing it.) [Italics ours.]

Each of the three notes contained a recital that it was given for the property in question and;

"I hereby agree that the title thereto, and to all repairs and extra parts furnished therefor, shall remain in the payee, owner or holder of this note until this and all other notes given therefor shall have been paid in money."

The chattel mortgage was duly recorded in the proper recorder's office. On April 17, 1928, Wilson & Roy assigned and delivered said notes and chattel mortgage to the plaintiff, International Harvester Company.

A payment of $250 was made by defendant Threlkeld March 29,

1929, on the $350 note which matured October 1, 1928, but the balance of said note and the other two notes remain unpaid. At the maturity of the third note on October 1, 1929, the entire debt, less the $250 payment, became due. Suit was brought March 28, 1930.

The trial court in its finding of facts says: "there is some evidence that . . . the note and chattel mortgage were not executed until the delivery of the goods." However, a careful reading of the record discloses that the evidence on *both* sides is that the notes and chattel mortgage were executed at the time and place the property was delivered to defendant Threlkeld.

The court reached the conclusion that since the provision in the order of purchase and in the notes authorized retention of title in the seller until the purchase money was fully paid, this made the transaction a conditional sale, pure and simple, and the provisions of the statute regulating conditional sales could not be invalidated by the taking of a chattel mortgage "which by implication of law is given by the mortgagor on the assumption of title;" and that the plan provision of the statute could not "be invalidated by mixing in the same transaction the elements of a conditional sale and the implication of a chattel mortgage."

It seems to us, however, that the question is not whether there is an attempted invalidation or evasion of the statute, but whether the vendor and vendee could, and did, by their acts and conduct, change the transaction between them from a conditional to an absolute sale. In other words, the question is, is the statute *applicable* to the transaction as finally completed by the parties? The parties were at liberty to effectuate an absolute sale if they, in the end, saw fit to do so. There was no taint of fraud or unfairness in so doing. And if they did, the statute is not invalidated or nullified. It is merely inapplicable.

Now, the order of purchase makes no reference whatever to a chattel mortgage. The giving of a chattel mortgage implies that title is in the mortgagor. But in this mortgage there is more than the mere legal implication of title, for the mortgage expressly says that the property is "owned by me" (then vendee and mortgagor). We think the transaction, as finally completed by the parties, was an absolute and not a conditional sale. The law does not favor conditional sales, and, even if the facts of a transaction leave it doubtful whether a mortgage or conditional sale was intended, the doubt will be resolved in favor of the theory of mortgage. [Turner v. Brown, 82 Mo. App. 30; Turner v. Kerr, 44 Mo. 429, 432.] In State v. Griffin, 228 S. W. 800, 803, defendant was prosecuted for, and convicted of, removing and concealing a mortgaged motor car, and one of the points urged in his behalf was that the sale of the motor car to him was a conditional sale and hence the prosecution could not rest on a chattel

mortgage for its basis. The contract between the motor car company and the purchaser, in its inception, did create a conditional sale, but subsequently the motor car company, upon delivery of the car to defendant purchaser, took from him a chattel mortgage thereon. The court says at page 803:

"We are of the opinion that when the Weber Company conveyed or delivered possession of the car to defendant, and took from him a chattel mortgage on said property for the unpaid purchase price, it created an implied agreement between the parties to the effect that the legal title had passed from the Weber Company to the defendant, and that the latter was the owner of the property, subject to said mortgage."

In the case at bar the chattel mortgage contains more than a legal implication that the title had passed, for it expressly says the mortgagor owned the property. It is true each of the notes contained a provision that title should remain in vendors until the property was paid for, but it is apparent on the face of the record that such notes were on forms used in sales made in accordance with the terms of purchase orders, but the mere use of such notes in the chattel mortgage ought not to contravene or control the express terms of such mortgage or the legal implication arising from the subsequent giving and taking thereof. It is also true that, ordinarily, the character of the transaction is fixed at its inception, and is not changed by lapse of time. This of course means that *mere* lapse of time cannot change the character of the transaction. It does not prevent the parties themselves from *changing* the character of the sale.

It follows from what we have said that plaintiff is entitled to maintain replevin based upon its chattel mortgage. Appellant asks that the judgment be not only reversed, but that judgment in its favor be rendered here. Of course, this cannot be done as we cannot settle the questions of value or damage.

The judgment is reversed and the cause remanded. All concur.