## OTTO KETTWIG v. AERO INVESTMENT COMPANY AND ANOTHER.[1]

May 4, 1934.

No. 29,782.

*Leo A. Reuther,* for appellant.

*Stacker & Stacker* and *William M. Serbine,* for respondent.

HILTON, *Justice.*

Defendant Regal Finance Company appeals from a judgment for $325.10 rendered against it in a conversion action, the court having directed a verdict in favor of plaintiff, submitting to the jury only the question of damages. The action against Aero Investment Company was dismissed. The amount of the verdict is not questioned. No motion for a new trial was made, but a motion for judgment notwithstanding the verdict was made and denied. De-

[1]Reported in 254 N. W. 629.

fendant does not assign as error the court's action in taking the issue of conversion from the jury, but it does assert that the court erred in not directing a verdict in its favor.

On May 15, 1930, plaintiff purchased an automobile from a motor company under a conditional sales contract. The purchase price of the car was $1,160.92. An allowance of $503.02 was made for a car traded in, leaving a balance of $657.90 to be paid in 18 consecutive monthly instalments. Several assignments of the contract were made. Regular payments on the contract brought the amount unpaid down to $200. On December 10, 1931, plaintiff, being unable to continue payments, made an arrangement with defendant whereby it purchased and took an assignment of the contract, loaned plaintiff an additional $50, and took as security therefor a chattel mortgage on the car. All of the dealings were with one Brown, defendant's secretary-treasurer. Under the new arrangement semi-monthly payments of $2.50 were to be made on the chattel mortgage and, by oral agreement, the amount due on the conditional sales contract was to be paid in semi-monthly instalments of $13.75. Interest at six per cent was to be paid on both amounts. Payments were made for awhile substantially in accord with the agreement until $64.75 had been paid, leaving a balance of $186.25. Plaintiff was unable to continue paying, and on April 14, 1932, at the request of defendant, he delivered the car to it. On April 15, 1932, defendant sent a letter to plaintiff in which it was stated:

"Please be advised that we are holding your 1930 Graham Paige Sedan #913261, and that unless same is called for and the full balance of your account paid within ten days from date, we will sell same for the balance owing on our chattel mortgage.

"No further notices will be sent regarding this matter."

Brown claimed that the reference in the letter to the balance owing on the "chattel mortgage" was an inadvertence.

No foreclosure proceedings were instituted. Plaintiff testified that on April 25 he interviewed Brown and stated that he would have the money the next day; that Brown said, "No, nothing doing. You are out of luck now, you are too late"; that the next day he

had the money and tendered it to Brown and was again told that he was too late; that the following day (April 27) he again tendered the money, and it was refused. Brown denied that the tenders were made and contradicted plaintiff in certain other particulars. On April 26 defendant filed an affidavit of repossession with the secretary of state and on April 27 sold the car to one Moran for $325. Evidence was received relative to the value of the car. The court, after a lengthy statement to the jury covering the various issues, directed it to bring in a verdict for plaintiff for an amount that it found the car to be worth after deducting the amount remaining unpaid thereon.

The question is whether the defendant had a legal right to sell the car. If it still retained the title thereto under the conditional sales contract, it had that right without doing anything further than it did, the contract having been executed before the passage of L. 1931, c. 339; (see Grossman v. Lockedell & Son, 184 Minn. 446, 238 N. W. 893). Defendant, however, did not retain title to the car under that contract. It accepted a chattel mortgage thereon from plaintiff. A chattel mortgage differs from a conditional sales contract in that in the former title passes to the mortgagee, whereas in the latter possession is transferred and the title retained. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1424. And in the case of a mortgage the mortgagor has a right of redemption, which must be foreclosed by giving the notices required by 2 Mason Minn. St. 1927, § 8353. The giving of the chattel mortgage by plaintiff, the vendee in the conditional sales contract, to defendant, the assignee of the seller, in itself implied ownership of the car in plaintiff. In addition, the mortgage (form furnished for plaintiff to execute) recited that plaintiff was "the true and lawful owner thereof" and that he had "good and lawful right to sell, convey and encumber the same." By accepting the mortgage defendant released, or at least is estopped from asserting, its title under the conditional sales contract, and accepted instead title under the chattel mortgage. By such acceptance it recognized title in the mortgagor, which destroyed its title under the conditional sales contract, and, although not discharging the indebtedness thereunder, defendant could not

repossess the car except for the purpose of foreclosing the chattel mortgage. The acceptance of the chattel mortgage was inconsistent with a retention of title under the conditional sales contract and a recognition of title in the mortgagor. Beer v. Aultman-Taylor Co. 32 Minn. 90, 19 N. W. 388; Little v. Widener, 226 Mo. App. 525, 32 S. W. (2d) 116; International Harv. Co. v. Threlkeld, 226 Mo. App. 600, 44 S. W. (2d) 182; Buckeye C. O. Co. v. Westerfield, 186 Ark. 505, 54 S. W. (2d) 295; Premier & Potter P. P. Co. Inc. v. Fuller (C. C. A.) 294 F. 451; 55 C. J. §§ 1207, 1208. On the record there was not, nor could there be, a "waiver" of that proposition of law.

The requirements of § 8353 not having been complied with, plaintiff's right of redemption had not been foreclosed at the time of the sale of the car to Moran, and such sale constituted conversion.

Judgment affirmed.