[Civil No. 3874. Filed October 25, 1937.]

[72 Pac. (2d) 945.]

THE VALLEY CHEVROLET COMPANY, a Corporation, Appellant, v. THE O. S. STAPLEY COMPANY, a Corporation, Appellee.

Messrs. Walsh & Wilmer, for Appellant.

Mr. I. A. Jennings, Mr. Hess Seaman and Mr. Henry S. Stevens, for Appellee.

LOCKWOOD, J.—The O. S. Stapley Company, a corporation, hereinafter called plaintiff, brought an action in replevin against the Valley Chevrolet Company, a corporation, hereinafter called defendant, to recover possession of a certain truck and trailer. The

case was tried to the court sitting without a jury, and judgment was rendered in favor of the plaintiff, whereupon this appeal was taken.

The material allegations of the complaint were substantially as follows: On the 24th of September, 1935, one Olen Watkins purchased from plaintiff an International truck with utility trailer attachment for $2,665, and, in order to secure the balance due on the purchase price, Watkins gave his note for such balance, payable at $80 per month, in the sum of $1,447.82, which note provided that title to the truck should remain in the payee until it should have been fully paid, and that upon default of any of the installments payee might declare the entire note due and take possession of the truck and sell it, applying the proceeds of the sale on the note. It was alleged that the note became in default, and that thereafter Watkins delivered the truck and trailer to defendant in Mesa, Arizona, and that the defendant, at the time of the action, was in possession thereof without the consent of plaintiff. The latter demanded possession of the truck and trailer from defendant, but, this possession being refused, the action in replevin was filed.

Defendant answered, claiming that the plaintiff had sold the truck to Watkins before the 21st of September under a conditional sale agreement, which was not recorded until the 8th of October, and that on the 21st of September Watkins, being indebted to plaintiff, mortgaged the truck and trailer in question to it, which mortgage was on the 28th of September duly recorded, and that the truck and trailer was delivered to defendant by Watkins by virtue of the mortgage.

The case came on for trial and plaintiff offered in evidence Exhibit A, a note which corresponded with the one set up in the complaint and which contained, among other things, the following provisions:

"This notice is given for the balance of the purchase price of one International Motor Truck

| C-40 | 7233 | FAB3-27910 |
|---|---|---|
| Model No. | Chassis No. | Motor No. |

. . .

"And I hereby agree that the title thereto and all repairs, replacements of and accessions to said property shall remain in the payee until this note shall have been fully paid in money. . . . "

No objection was made to this. It then offered another note, being Plaintiff's Exhibit B, which was in the same general form as the note admitted, but which was for the sum of $788.14, and stated that it was given for the balance of the purchase price of "Model 25 Utility Six-Wheel Attachment with 8.25x20 dual tires and 16x3 Lockheed hydraulic brakes." Defendant immediately objected to the introduction of this note in evidence on the ground that the complaint made no reference thereto but only to a note given for the purchase price of the truck. The court, however, admitted it. Plaintiff then offered a witness who testified that the trailer referred to in the complaint was of a type which was permanently attached to the truck, so that in reality it became a part thereof just as much as one of the truck wheels, although by proper mechanical procedure it was possible to detach it therefrom and to use it in combination with another truck of exactly the same type. It also appeared from the evidence offered by plaintiff that the transaction between it and Watkins was substantially of the following nature: Watkins desired to purchase from plaintiff the truck and trailer in question, but was unable to pay for the same in full, or even to make a partial payment in cash thereon. He was, however, in the possession of another truck and trailer on which he still owed the sum of approximately $400, which he desired to turn in on the price of the new truck and

trailer. After some discussion, on the 24th of September the following transaction occurred: Watkins turned over to plaintiff the old truck and trailer and gave to it the conditional sale note, Exhibit A, for the balance agreed to be due on the purchase price of the truck, and another conditional sale note, Exhibit B, for the balance of the purchase price of the trailer, and a promissory note for $419.23, representing the amount still due on the old equipment which had been turned in, together with a chattel mortgage on all of the new equipment securing all three of the notes above referred to, and the property was then turned over to Watkins. The testimony further showed that Watkins was in default in his payments on the notes in question at the time the action was brought. After this evidence was in, plaintiff rested, and defendant then moved for judgment on the record, which motion was denied, and defendant refusing to introduce any evidence, judgment was rendered in favor of plaintiff, whereupon this appeal was taken.

■■ There are a number of assignments of error which are, in accordance with our rule, very properly grouped under three propositions of law, and we will consider the appeal on these questions of law as applied to the record in the case. In so doing, there are two things which we must constantly keep in mind. The first is that this is an action in replevin and the sole issue is whether or not plaintiff was entitled to the possession of the truck and trailer in question. The second is that in an action in replevin plaintiff must recover on the strength of its own title, and not upon the weakness of that of its adversary. We consider the issue raised by the first proposition of law.

■ It is contended that the trial court erred in admitting in evidence Plaintiff's Exhibit B, being the conditional sale note and agreement covering the trailer, for the reason that the plaintiff had pleaded

only one contract as forming the basis for its right of possession, being Plaintiff's Exhibit A, and that Plaintiff's Exhibit B referred to another entirely independent and distinct contract. Plaintiff practically admits that the court, under a strict construction of the rules of pleadings and evidence, should not have admitted Exhibit B, but contends that the error is harmless, for the reason that Plaintiff's Exhibit A by its terms, so far as the right of possession in case of default in the payment of that note, covered not only the truck but the trailer. In support of this theory, it argued that the trailer was really an "accession" to the truck, in the same manner as a new wheel, axle, or other part of the truck would unquestionably have been, and was, therefore, subject to repossession for the default. The question then is whether, as a matter of law, a trailer of this kind is an independent object, or may be considered as an "accession" to the truck itself. The word "accession" in the conditional sale note was doubtless used in the legal sense of meaning an addition to the truck by the annexation of some material thereto. Webster's International Dictionary. The word "annexation" naturally implies a permanent addition, not in the sense that it is impossible to separate the substance annexed from that to which it has been annexed, but in the sense that it is attached thereto with the intention that it should remain permanently so attached. The trailer in question, according to the evidence, was not the ordinary 4-wheel vehicle which is attached temporarily and indiscriminately to any truck or automobile, as occasion may require, but one which is intended to remain permanently as an integral part of the truck to which it is attached, although of course, in case of necessity, it can be detached therefrom. We think the trial court was justified in holding that the trailer in question had been attached to the truck with the intent of its being permanently an-

nexed thereto and that it therefore came within the meaning of the word ''accession'' as used in Plaintiff's Exhibit A. Such being the case, if plaintiff was entitled to possession of the truck, for failure to make the payments provided for in Exhibit A, it was also entitled to possession of the trailer, and the admission of Exhibit B, though erroneous, is immaterial.

■■ The second proposition of law is that between the seller in a conditional sale contract and a third party, with right of acceleration on failure to pay any installments due, the seller must, before he may maintain replevin, both allege and prove that he has notified the buyer of his intention to declare the unpaid balance due, and that there is neither allegation nor evidence that this was done. We are of the opinion that, since the purchaser had abandoned the truck and trailer, turning it over to the possession of defendant, no declaration or notice to the purchaser was necessary. *Gordon* v. *Loer,* (Idaho) 65 Pac. (2d) 148. In any event, the mere act of filing of the suit was sufficient as a declaration that the seller intended to take advantage of the acceleration clause. *Morris Plan Co.* v. *Di Stefano,* 53 R. I. 190, 165 Atl. 365.

■■ The third proposition of law raises the real issue in the case. It is the contention of defendant that, when plaintiff took the chattel mortgage above referred to upon the truck and trailer, it abandoned its right to retain the title to the property as a conditional sale, and substituted therefor a mere lien, the title passing to the purchaser. There can be no doubt the general rule of law is that where the seller of property, under a conditional sale contract, enters into a new agreement whereby it takes a chattel mortgage from the purchaser to secure the payment of the amount still due, it has abandoned its right to retain the title to the property sold until final payment is made, and has transferred such title to the purchaser,

reserving a mere lien thereon for the balance of the purchase price. *Maxcy-Barton Organ Co.* v. *Glen Bldg. Corp.*, 355 Ill. 228, 189 N. E. 326, 95 A. L. R. 321; *Kettwig* v. *Aero Inv. Co.*, 191 Minn. 500, 254 N. W. 629. And, if the mortgage in question had been given subsequently to and as an independent and separate transaction from the original sale, plaintiff would be compelled to rely upon its lien of the mortgage, and not upon the reservation of title in the purchase price note, to show a right to possession. We think, however, that, when the conditional sale contract and the mortgage are all parts of one simultaneous transaction and it appears clearly from that transaction that it was the intention of the parties that the title should be retained by the seller, that intent should prevail, and that the general rule does not apply. *Warren* v. *Lair,* 190 App. Div. 139, 179 N. Y. Supp. 632; Id., 232 N. Y. 626, 134 N. E. 599. The evidence is conclusive to the effect that it was the intention of plaintiff and Watkins when the notes and mortgage were executed that title should be reserved, and not that plaintiff transferred its title to the purchaser, reserving a mere lien for the purchase price.

But, even were this not true, there is another reason why the rule urged by defendant will not defeat plaintiff's claim. So far as Watkins is concerned, plaintiff would have the right of possession under either the conditional sale agreement or the chattel mortgage, for both provided that on default in the payments due the plaintiff might take possession thereof. Defendant, however, contends that its mortgage, recorded on the 28th of September, before either the conditional sale notes or the chattel mortgage of plaintiff were recorded, gives it a prior lien under the recording law on the truck and trailer in question. There is one fatal flaw in its argument on this point. Its mortgage was executed on the 21st of September,

and the evidence shows clearly that Watkins had no interest, legal or equitable, in the truck and trailer until the 24th of September. In law a mortgage on property in which the mortgagor has no interest at the time the mortgage is executed is void. *Moody* v. *Wright,* 13 Metc. (Mass.) 17, 46 Am. Dec. 706; *Hickson Lumber Co.* v. *Gay Lumber Co.,* 150 N. C. 282, 63 S. E. 1045, 21 L. R. A. (N. S.) 843. And it is only legal mortgages which are constructive notice under the recording law (Rev. Code 1928, § 2308 et seq., as amended). *Bright* v. *Buckman,* (C. C.) 39 Fed. 243; *Rohde* v. *Rohn,* 232 Ill. 180, 83 N. E. 465; *Bingham* v. *Kirkland,* 34 N. J. Eq. 229; *Central Trust Co. v. Minnetonka Lumber Co.,* 109 Okl. 51, 229 Pac. 823.

 It is, of course, true that a mortgage given in anticipation of ownership is an equitable mortgage as between the parties, if the title is afterwards acquired by the mortgagor. But if it be merely an equitable, and not a legal, mortgage, which defendant holds (as from the record it must be), then the court may and should very properly go back of the date of the respective instruments and their recording, and ascertain the true equities of the situation. A situation almost precisely like that existing in the case at bar arose in the case of *Jordan* v. *Wilkerson & Carroll Cotton Co.,* 152 Ark. 533, 238 S. W. 780. Therein it was held that, while a mortgagor's after-acquired title creates an equitable lien in favor of his mortgagee, this could not be enforced in a court of law, but the mortgagee must proceed by foreclosure in a court of equity, and that, if the buyer had purchased the property under a conditional sale agreement, and had thereafter secured title by giving a mortgage back to the seller, which mortgage was subsequent both in date and recording to the mortgage given before the acquisition of the property, the seller would be restored to his rights under the original note and contract retaining title.

We are of the opinion on the whole case that the trial court rendered the only judgment which could have been rendered. There are minor matters of procedure raised by the appeal, but, in view of what we have already said, we think we need not discuss them.

The judgment of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.