## DAVIES v. PUGH.

### Opinion delivered January 7, 1907.

1. SUBROGATION—PRIOR VALID SECURITY.—One who surrendered a prior valid mortgage upon his debtor's homestead for another which· proves to be invalid because the signature of the debtor's wife thereto was forged *is entitled to be subrogated to the lien of the prior valid mortgage.* (Page 256.)

2. AGREEMENT TO HOLD PRIOR SECURITY—WHEN IMPLIED.—From proof that plaintiff took up an outstanding note and mortgage which had been

executed by defendant, and held them until defendant executed to him a new note and mortgage, an agreement will be inferred that he should hold the old mortgage as security until a new one should be executed, although the old mortgage was not assigned to him, and there was no express agreement with defendant that he should hold the old mortgage as security. (Page 257.)

3. SUBROGATION—LIMITATION.—If the statute of limitations applicable to mortgage foreclosures applies to a suit to enforce the right to be subrogated to a mortgage, such a suit will not be barred where the debt has been kept alive by a new note executed by the debtor. (Page 257.)

Appeal from Carroll Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

*F. O. Butt,* for appellants.

1. The fact that one who pays off a prior lien retains in his own possession the note and deed evidencing such lien is not sufficient to give a right of subrogation. 44 Ark. 504. A mere loan of money for the purpose of enabling the borrower to pay a debt is not sufficient to entitle the lender to be subrogated to the rights of the creditor whose debt is thus paid. One who advances money to pay off a lien, even at the request of the debtor, and takes a note or mortgage to secure the repayment of the advance, is not thereby entitled to be, in addition, subrogated to the rights of the creditor whose debt has been paid with the money loaned. 39 Wis. 643; 50 Ark. 108; 95 Ill. 39; 10 Heisk. (Tenn.) 522; 47 Ark. 111; 44 Ark. 504. One who volunteers to pay the debt of another is not entitled to subrogation. 24 Am. & Eng. Enc. of L. 244; 104 Ind. 41; 25 Ark. 129; 86 Ky. 191. If appellee was entitled to subrogation at all, he being under no obligation to pay the debt, it must depend on contract between himself and appellant. 24 Am. & Eng. Enc. Law, 273; 116 Ill. 216; 23 Am. Dec. 773; 3 Paige (N. Y.) 117; 95 Mich. 81; 134 U. S. 534.

2. If appellee were entitled to be subrogated to the bank's lien, he was still barred from claiming under that lien. One seeking subrogation to the rights of a prior lienor stands, with respect to the statute of limitations, in the same position as the lienor would have occupied. 44 Ark. 504. See also 54 Ark. 441.

3. The statute of limitations is as binding in equity as at

law.  46 Ark. 25; 47 Ark. 304; 20 Ark. 359; 43 Ark. 469.  And even in equity the statute is absolutely binding unless the party who would be barred by it is thus barred through the fraud of the beneficiary, or by ignorance of his own as to facts without adequate means of informing himself.  Herman on Estoppel, 235; 52 Pa. 400.  In equity it is not even necessary to plead the statute.  39 Ark. 158.

*J. V. Walker,* for appellee.

1.  Having paid the debt of appellant to the bank at his request, and received from it the note and mortgage, appellee acquired all the rights which the bank originally had, and was entitled to subrogation.  Sheldon on Sub. § § 243-247; 44 Ark. 507.

2.  If one advances money to pay off an incumbrance, upon an agreement with a debtor that the security shall be assigned to him or a new one given, he will be subrogated to the rights of the original creditor.  66 Md. 530; 125 Ill. 415; 68 Mich. 641; 128 Ind. 293; 49 N. E. 1064.

3.  If the security was defective by reason of being a homestead, the wife not having joined in the conveyance as required by law, appellee would be substituted to the rights of the Carroll County Bank, unless equal or superior rights of others would be prejudiced.  37 Mich. 82; 74 Ala. 507; 48 Wis. 198; 39 Ark. 531.

4.  The acts and conduct of appellants in the execution and delivery of the note and mortgage, and their subsequent conduct, created an estoppel against them, and they can not succeed upon the plea of limitation against the original note and mortgage.  2 Story's Eq. Jur. § § 804, 805.

McCulloch, J.  Appellants, J. R. Davies and wife, Clara L. Davies, executed to the Carroll County Bank, to secure payment of an indebtedness of the former to said bank, a mortgage on lands owned by him which constituted his homestead.  After the debt fell due, appellee, D. B. Pugh, at the request of appellant J. R. Davies, paid the debt, and the mortgage and note were delivered to him (appellee) by the bank.  Subsequently J. R. Davies executed to appellee his promissory note for the amount of said debt, and, as security for payment of said note, also

delivered to him a mortgage which he executed and acknowledged on the same land, and which purported to be executed and acknowledged by his wife. Upon delivery of the last note and mortgage to appellee he surrendered the old ones. Afterwards appellee brought suit in equity to foreclose his mortgage, a decree of foreclosure was rendered, and the land was sold by commissioner of the court and purchased by appellee.

The present suit was instituted by appellants later to vacate and set aside the decree of foreclosure and sale of the land on the alleged ground that the land constituted the homestead, that Clara L. Davies did not sign or acknowledge the mortgage to appellee, and that she was not served with summons in said foreclosure suit. Appellee filed his answer and cross complaint, denying the allegations of the complaint, and praying that, in the event the court should find that Clara L. Davies did not sign the mortgage, he be decreed a lien on the land by way of subrogation to the rights of the Carroll County Bank under the mortgage executed to it.

Appellants filed separate answers to the cross complaint, denying appellee's right of subrogation under the old mortgage, and pleading the statute of limitation against the debt originally secured by same.

The court rendered a decree vacating and setting aside the foreclosure decree and sale, but decreed a lien on the land in favor of appellee for the amount of the debt paid by him to the Carroll County Bank, and the taxes, etc., subsequently paid on the land.

It is fully proved that Mrs. Davies did not sign the mortgage to appellee, and the chancellor so found, but he also found that appellee did not know this when he accepted it as security for the debt and surrendered the mortgage executed to the Carroll County Bank, which he then held, and which was a valid and subsisting lien on the land. He accepted the new mortgage with the name of the wife signed to it and with a proper certificate of acknowledgment appended, and was justified in assuming that it was signed and acknowledged by her. Having surrendered a valid security for another which proved invalid because of the failure of the wife to join in the conveyance, appellee was entitled to be subrogated to the rights under the former. *Chaffe*

v. *Oliver,* 39 Ark. 531; *Wyman* v. *Johnson,* 68 Ark. 369.

But it is said that appellee is not entitled to subrogation because the mortgage was not assigned to him when he paid the debt to the bank, and he has not proved an express agreement with Davies at that time that he should hold the mortgage as security for the debt, or that the latter would execute another valid mortgage to secure the debt. It is shown, however, that appellee took up the note and mortgage when he paid the money to the bank and held them until the new mortgage was executed. He does not show an agreement at the time that he should hold the mortgage as security, but he did in fact hold it, and under the circumstances such an agreement may fairly be inferred. It is not essential that the agreement should have been expressed in so many words. *Rodman* v. *Sanders,* 44 Ark. 504; 6 Pom. Eq. Jur. § 921; Sheldon on Subrogation, § 247; *Denton* v. *Cole,* 30 N. J. Eq. 244; *Dillon* v. *Kauffman,* 58 Tex. 696; *Gans* v. *Thieme,* 93 N. Y. 225; *Warford* v. *Hankins,* 150 Ind. 489.

This court, in *Rodman* v. *Sanders, supra,* said: "The mere lender of money, which the borrower applies in part payment of the purchase money on land, is not substituted to the rights and remedies of the vendor. But one who pays a debt at the instance of the debtor is not a volunteer; and if, when he made the payment, he manifested an intention to keep the prior lien alive for his protection, he will be deemed in equity a purchaser of the incumbrance."

The transaction between appellee and Davies was not a mere loan of money which was used in paying off a debt due to another. It was more than that. Appellee paid the debt for Davies, took up the note and mortgage, and held them until new security was executed, which afterwards proved invalid. His taking up of the mortgage and retention of it in his possession was the clearest sort of manifestation of his intention to keep the security alive until he was induced to part with it in exchange for the new security. It is clear to us that an agreement for the holding of the security by appellee must be implied from these circumstances, and that he is entitled to subrogation to the old security since the new has proved invalid.

Appellants insist that the note secured by the old mortgage

is barred by the statute of limitation, and that the right of sub-rogation is also barred. It is sufficient, in answer to this contention, to say that the debt was kept alive by the new note executed by Davies, the debtor. If it be held that the statute of limitation against suits to foreclose mortgages (Kirby's Digest, § 5399) applies to a suit to enforce the right of subrogation upon a state of facts shown in this case, still the cause of action set forth in the cross-complaint is not barred, as the debt itself has been kept alive, and is not barred.

Decree affirmed.