ROARK *v.* MATTHEWS.

Opinion delivered October 9, 1916.

1. SUBROGATION—MORTGAGE—PRIOR VALID SECURITY.—One who surrenders a prior valid mortgage upon his debtor's homestead, for another which proved to be invalid because not properly acknowledged by the debtor's wife, is entitled to be subrogated to the lien of the prior valid mortgage.

2. SUBROGATION—MORTGAGE—LIMITATIONS.—A right to enforce a' mortgage lien acquired by the right of subrogation, will not be barred where the debt has been kept alive by a new note executed by the debtor.

Appeal from Carroll Chancery Court; *T. H. Humphreys*, Chancellor; affirmed.

*Charles D. James*, for appellant.

1. The mere fact that appellee paid off the debt to Wenzel, does not entitle him to subrogation, unless there was an agreement to that effect. 56 Ark. 480; 44 *Id.* 507; 47 *Id.* 111; 25 *Id.* 129. The testimony fails to show this agreement, either express or implied. The moving consideration for the loan was selling certain lots and getting security for an old store account.

2. The fact that Matthews kept the old notes and mortgage is no evidence that he looked to the Wenzel notes and mortgage for subrogation. 50 Ark. 112; 44 *Id.* 507.

3. The cause of action is barred. 86 Ark. 368, 393; 44 *Id.* 504, 507. Subrogation is a derivative right, and the action must be brought within the period of limitation allowed to the original holder of the lien. The facts of this case do not fall within the rule in 84 Ark. 277, or 81 *Id.* 253.

*J. V. Walker*, for appellee.

1.   The case of *Davies* v. *Pugh*, 81 Ark. 253, settles this case.   The cases cited for appellants do not apply.

2.   The claim was not barred as a new note was given. *Ib.*

3.   See also 108 Ark. 155.

SMITH, J. . . This suit was brought by appellants, who are husband and wife, to cancel a mortgage given by them upon their homestead to appellee upon the ground that the wife had not properly acknowledged the mortgage.

There was an answer and cross-complaint in which it was alleged that the mortgage had been properly executed, and in an amendment to the cross-complaint, it was alleged that prior to June 14, 1911, appellants were indebted to one Wenzel in the sum of $500.00, and as security therefor had executed a mortgage upon the premises mentioned in the complaint.   That this mortgage had been duly acknowledged, delivered and recorded, and that the indebtedness there secured had matured and appellants were unable to pay, whereupon they applied to appellee for a loan of money with which to pay Wenzel and certain indebtedness already due appellee.   That with $652.75 of this money appellee took up appellants' note and mortgage from Wenzel and held the same as security for repayment to him of the amount so paid to Wenzel until appellants should execute to him a mortgage and new notes, and pursuant to this agreement appellee held said Wenzel notes and mortgage until the execution and delivery to him of the mortgage here sought to be cancelled.   Appellee prayed that he be subrogated to the rights of the first mortgage if his own mortgage was cancelled.   Appellants answered the cross-complaint and alleged the fact to be that the transaction was a mere loan and that the mortgage was given to secure this loan and the antecedent debt.

All of the parties testified in support of the allegations of their respective pleadings.   Appellants point out certain alleged inconsistencies in the testimony of appellee, but the court made a finding of fact sustaining the alle-

gations of the cross-complaint; and we are unable to say that this finding is clearly against the preponderance of the evidence. The court found that the second mortgage was not properly acknowledged and cancelled it, but decreed that appellee was entitled to be subrogated to the rights of Wenzel under the first mortgage to the extent of the debt there secured and the interest thereon, and this appeal questions only that portion of the decree which awards subrogation.

The notes to Wenzel were three in number and were all dated January 15, 1909, and were due in two, three and four years from date, respectively, and the mortgage securing them provided that upon failure to pay any of them at maturity the entire debt should become due and the mortgage subject to immediate foreclosure. It is now urged that all these notes are barred by the statute of limitations, inasmuch as the cross-complaint praying subrogation was not filed until January 19, 1916.

A very similar case and one involving both the questions here raised is that of *Davies v. Pugh,* 81 Ark. 253, and we quote the following language from the syllabi in that case:

"1. Subrogation—Prior Valid Security.—One who surrenders a prior valid mortgage upon his debtor's homestead for another which proves to be invalid because the signature of the debtor's wife thereto was forged is entitled to be subrogated to the lien of the prior valid mortgage.

"2. Agreement to Hold Prior Security—When Implied.—From proof that plaintiff took up an outstanding note and mortgage which had been executed by defendant, and held them until defendant executed to him a new note, and mortgage, an agreement will be inferred that he should hold the old mortgage as security until a new one should be executed, although the old mortgage was not assigned to him, and there was no express agreement with defendant that he should hold the old mortgage as security."

The case cited also disposes of the question of limitation raised here in the following language:

"3.  Subrogation—Limitation.—If the statute of limitations applicable to mortgage foreclosures applies to a suit to enforce the right to be subrogated to a mortgage, such a suit will not be barred where the debt has been. kept alive by a new note executed by the debtor."

A recent case which gives full support to the finding of the court below is that of *Southern Cotton Oil Co.* v. *Napoleon Hill Cotton Co.*, 108 Ark. 555.

The decree is, therefore, affirmed.