HUGHES COMPANY v. CALLAHAN.

Opinion delivered May 5, 1930.

734

*Feazel & Steel,* for appellant.

*McConnell & Jackson,* for appellee.

KIRBY, J., (after stating the facts). Appellants contend that the court erred in subrogating appellee to the rights of the holder of the mortgage upon its payment by him at the request of the mortgagor, because of his accepting a release off the mortgage instead of taking an assignment thereof.

The undisputed testimony shows that he furnished the money to pay off the mortgage at the request and for the benefit of the mortgagor upon his assurance that there were no other liens or incumbrances against the land, and that his advances and payment should be secured by a first lien thereon. He was not merely a volunteer therefore in the payment of the mortgage debt, the loan having been negotiated by the mortgage debtor for

the express purpose of paying it. *So. Cot. Oil Co.* v. *Hill Cot. Co.,* 108 Ark. 555; *Stephenson* v. *Grant,* 168 Ark. 927; *Rodman* v. *Sanders,* 44 Ark. 514; and 37 Cyc. p. 365, note p. 473.

It is true that he might have discovered appellant's execution deed by examination of the record, but he was not culpably negligent in failing to do so on account of the assurances given by the mortgagor; and if it had been discovered, his rights could have been protected as completely in making the loan as was intended should be done by requiring the transfer or assignment of the mortgage to him upon his payment of the mortgage debt upon the request of the mortgagor. The rights of the purchaser under the execution deed are not prejudiced by the decree allowing a subrogation of appellee to the rights of Schobacker, the holder of the mortgage, since as against the lien of such mortgage appellant's claim was without merit and subject thereto.

The court did not err therefore in decreeing a subrogation of appellee to the lien and rights of the holder of the mortgage, and a foreclosure thereof for satisfaction for the money advanced to pay off the mortgage indebtedness and the decree must be affirmed. It is so ordered.