CHRISTIAN *v.* PEOPLE'S TRUST COMPANY.

Opinion delivered February 1, 1932.

*Chas. A. Walls,* for appellant.

*Cockrill & Armistead,* for appellee.

BUTLER, J.   The executors of the estate of J. E. Hicks, deceased, in the early part of 1930, had no cash on hand or personal property out of which anything might be realized to pay the inheritance tax due on the estate of their testate amounting to $9,021.54, or with which to pay the State and county and improvement taxes amounting to $3,617.15.   They also deemed it necessary to continue the policies of fire insurance on the improvements, the premiums on the same amounting to $1,203.73.   This situation was presented to the Lonoke County Probate Court, in which court the will was probated, and the executors were authorized by an order of that court to borrow the above sum from the People's Trust Company, empowering them to execute their note as executors with interest at the rate of six per cent. per annum from date until paid.   On April 29, 1930, the executors secured a loan from the trust company for $12,638.69, which was applied to the payment of the taxes and a note evidencing this transaction was signed by the said

executors. The note becoming due and remaining unpaid, this suit was instituted to recover a judgment against the estate.

It was alleged in the complaint that the executors had no money and no personal property belonging to the estate of any value except stock in a bank which was in the process of liquidation, the value of which stock was so small and uncertain that nothing could be secured by sale of it or otherwise. It was further alleged that the executors had no power under the will to sell any of the real estate to pay plaintiff's claim; that the executors were entitled to a lien for the money used in paying taxes on the real estate paramount to all other claims and were subrogated to the liens of the State, county, and improvement districts for the taxes discharged by them because they were proper expenses of administration, and that the trust company, in lending the money to the executors for the purpose of enabling them to discharge the tax liens, was subrogated to the liens of the executors and trustees. The prayer of the complaint was for judgment for the sums named with interest, and that it be declared a lien on the real estate belonging to the estate prior and superior to the rights, etc., of any of the defendants, and for sale, etc.

The executors of the estate, the heirs of the decedent, and the beneficiaries under the will were named as defendants, all of whom are *sui juris* except the appellants, who are minors. In addition to the heirs and beneficiaries, certain other persons who it was thought might have a claim to some interest in the estate were made parties, and within apt time a guardian *ad litem* was duly appointed for the minor defendants. Certain of the defendants did not file any answer or other plea, and as to them judgment was rendered by default. All of the other adult defendants answered specifically admitting the allegations of the complaint and joining in its prayer. An answer was filed by the guardian *ad litem* specifically denying each allegation of the complaint and

praying that the complaint be dismissed. The cause came on to be heard in the Lonoke Chancery Court, and the court heard the testimony of witnesses and rendered a decree granting the relief prayed. The court found that due service of process was had upon all of the defendants and specifically against the minors for the time and in the manner prescribed by law, and made special findings of fact in detail that each of the allegations of fact made in the complaint were true, and also made special findings of law and found that the executors and trustees had a lien on all of the real estate for expenses incurred and money advanced in paying the taxes; that the money was properly borrowed and expended as expenses of administration, and was necessary to save and preserve said estate; and that the lien was prior and paramount to all of the rights and interest of all of the parties to the suit and to any creditors of the estate or to any attorney's fees or other expenses of administration; that they were subrogated to the liens of the State, county and improvement districts to which said taxes and assessments were paid, and that plaintiff bank, in lending the money to be used for those purposes, became subrogated in turn to the liens of the executors and trustees.

The court further found that by the order of the probate court the executors were duly and legally empowered to borrow the money to pay the liens aforesaid and to incumber the said real estate for that purpose, and to execute the note sued on, and that said note constituted an equitable lien on the real estate. The court decreed that the plaintiff was entitled to foreclose its liens and to sell any part of the real estate to satisfy them, and that, if the sums adjudged due were not paid within twenty days from the date of the decree, the commissioner named should proceed to make sale on certain terms and in a certain manner. From this decree the guardian *ad litem* of the minor defendants has appealed, but it is obvious that it is only for the purpose of com-

plying with the legal and moral obligations due them and to submit to the court of last resort the findings of law made by the chancellor.

The testimony was undisputed and amply sustains the findings of fact. The debt sued for is admittedly just, and the method adopted in the order of the court is conceded to be most advantageous to the minors; the attorney and guardian for the minors submitting only the question as to whether or not the plaintiffs are entitled to a lien under the doctrine of subrogation or otherwise as decreed by the court. He suggests that in lending the money the appellee bank was a volunteer and not entitled to subrogation under the doctrine announced in *Hughes Co.* v. *Callahan*, 181 Ark. 733, 27 S. W. (2d) 509. The suggestion is further made that the order of the probate court does not entitle the appellee to a lien because the probate court did not authorize, nor did the executors execute, any mortgage as provided in act 195 of the Acts of 1927. It is shown that the estate consisted almost exclusively of real estate in several counties, a large part of which being farm lands and some city property, and there were valuable improvements on the property, the estimated value of the property as improved at the time the proceeding was instituted being $125,000. Most of the property was located in Lonoke County. There was no personal property of any value, and the income from the property had been so depleted by drouth and reduced values of farm products that the executors had no income with which to discharge the taxes due; that, with the exception of these taxes, there were no other debts due by the estate, and it was necessary that the taxes be paid in order to prevent a forfeiture and sale of the property for delinquent taxes. With this situation confronting them and after having secured the authority of the probate court, the executors borrowed money in the manner above described.

It is clear that the chancery court had jurisdiction, because, as suggested by counsel for the appellee, the case involves the foreclosure of a lien and the exercise of

the equitable doctrine of subrogation, and, as it was proved that the executors had no personal property belonging to the estate of any value in their possession, and that there was no income from the property, it was entirely proper for the court to make an order for a sale of the property, as this was necessary to the execution of the purposes of the trust and protection of the estate and beneficiaries thereunder. The executors and trustees were under a duty to pay the taxes to prevent forfeitures and tax sales, and the payment of these taxes was an expense of administration for which the executors were entitled to reimbursement. Section 10,053 Crawford & Moses' Digest; 39 Cyc. 337-45. As stated by counsel for the appellee, it is the general rule where one lends money to an executor which money is applied to pay debts or otherwise for the benefit of the estate, he takes the place of the executor in so far as his right to be subrogated to the representative's lien and to his right of reimbursement from the estate. 24 C. J. 71; *Stoops v. Bank of Brinkley,* 146 Ark. 127, 225 S. W. 593. The facts in the case show that the appellee in lending the money to the executors did not act as a volunteer. It was understood between the representative of the appellee and the executors that the money was loaned for the purpose of paying the taxes, and that it was to be subrogated to all the rights and liens that the executors had in paying the taxes, and to evidence this the appellee required the physical delivery of the tax receipts to it for the purpose of attaching them to the note.

In *Hughes* v. *Callahan, supra,* cited by the appellants, a mortgage debt was paid off at the request of the mortgagor, the court holding that under these circumstances the one paying the debt was not a volunteer, and that he was entitled to be subrogated to the mortgage lien. In *Rodman* v. *Sanders,* 44 Ark. 504, 507, cited by appellee, the court adopted the principles stated in Sheldon on Subrogation, §§ 243-247, to the effect that one who pays a debt at the instance of the debtor is not a volun-

teer, and if, when he makes the payment, he manifests an intention to keep the prior lien alive for his protection, he will be deemed in equity a purchaser of the incumbrance. And in *Stephenson* v. *Grant*, 168 Ark. 927-931, 271 S. W. 974, the rule is stated as follows: ''One who advances money to pay off an incumbrance on realty at the instance either of the owner of the property or the holder of the incumbrance either on the express understanding or under circumstances from which an understanding will be implied that the advance made is to be secured by a first lien on the property, is not a mere volunteer.'' See also *Davis* v. *Pugh*, 81 Ark. 253, 99 S. W. 78; *Stoops* v. *Bank, supra.*

We are of the opinion, therefore, that the trial court properly decreed that the appellee was subrogated to the tax liens and that the same were prior and paramount to all other claims against the estate and it was entitled to have the said liens fixed upon the lands of the estate and that the same be sold to satisfy said liens.

It is unnecessary to decide the legal effect of the order of the probate court, and the action taken pursuant thereto, as the appellee is entitled to the relief prayed under the general rule and independent of the statute.

The decree is affirmed.