CLARK *v.* WOMACK.

4-4336

Opinion delivered June 29, 1936.

*James D. Shaver* and *Will Steel,* for appellants.
*Bert B. Larey* and *T. B. Vance,* for appellees.

HUMPHREYS, J. Appellants in this case are the heirs-at-law of R. H. Terry, deceased, and S. C. Clark, to whom they conveyed an oil lease on 120 acres of land in Miller county, and Clark's assigns.

The appellees are alleged owners of said tract of land under mesne conveyances thereof from R. H. Terry, deceased. Appellees instituted this suit in the chancery court of Miller county to cancel the gas and oil lease executed on July 2, 1935, by the heirs of R. H. Terry, deceased, to S. C. Clark, on said lands, which was duly

recorded on July 27, 1935, in the mortgage records of said county, and to quiet their title to said lands as against the lessors, as heirs-at-law of R. H. Terry, deceased, their lessee, S. C. Clark and his assigns.

The main and controlling issue joined by the pleadings in the case was whether a deed of trust or mortgage executed by R. H. Terry upon said lands on December 15, 1913, to Kelley Dixon and J. P. Yates to secure a loan of $362.25, evidenced by a note due in one year, was foreclosed in conformity to a power of sale contained in said mortgage so as to pass the title to P. E. Gold, the purchaser at the sale, who is one of the grantors in the chain of appellee's title.

This issue, together with other issues joined in the pleadings, was submitted to the court upon the evidence adduced by the respective parties, resulting in the following finding as to this issue: "* * * that the said R. H. Terry mortgaged the lands to the said Kelley Dixon and J. P. Yates to secure a sum of three hundred sixty-two ($362) dollars and interest; that he defaulted in said payment and that the said trustees fully complied with the law and the conditions contained in the deed of trust with regard to the sale of the land; and that P. E. Gold became the purchaser of the land for three hundred eighty ($380) dollars and received a deed from the said Dixon and Yates, which was duly filed for record in vol. '56,' p. 401, of the Deed Records of Miller county, Arkansas."

Other findings were made favorable to appellees which are unnecessary to set out, as this finding, if correct, justified the decree of the court canceling the gas and oil lease and quieting the title to said tract of land in appellees as against appellants, from which is this appeal.

Appellants admit in their brief that if the sale made by Dixon and Yates on December 26, 1914, upon which appellees predicate their title to said land, is valid, it is the end of the lawsuit. They then contend that the sale was void because, (a) there was no appraisement of the land, (b) that the trustees' deed from Kelley Dixon and P. E. Yates, executed December 26, 1914, affirmatively shows that the land sold for $362.50 (more than $350)

and that there was no publication of notice, as required by § 6807 of Crawford & Moses' Digest, and (c) the sale was made by a substituted trustee and not by Dixon and Yates, the trustees authorized in the mortgage to make the sale, when the mortgage provided that if made by a substituted trustee, the substitution must appear on the margin of the mortgage or by written authority, which was not done.

This sale was made twenty years or more before this suit was instituted, and all the more is the reason that the recitals of the deed executed by the trustees should be given credence. The mortgage, however, provides as follows: "And I authorize the said grantees to convey said property to any one purchasing at said sale, and to convey an absolute title thereto and the recitals of the deed of conveyance shall be taken as *prima facie* true."

(a) The trustees' deed recited that the land sold for $380, more than two-thirds of its appraised value. There is nothing in the record to show that the property was not appraised before the sale, so the recitals in the deed, under the terms of the mortgage, must be accepted as true. The recital that it sold for more than two-thirds of its appraised value necessarily implies that the appraisement was made before the sale. This court said, in the case of *McConnell* v. *Day*, 64 Ark. 464, 33 S. W. 731, that, "The burden of proving the invalidity of the trustee's deed reciting substantial compliance with the trust deed is on the person objecting thereto."

(b) There is nothing in § 6807 of Crawford & Moses' Digest evidencing an intention on the part of the Legislature in passing it to prohibit parties from contracting in regard to the manner of advertising property for sale in case of default in payment of the debt. The mortgage or deed of trust in the instant case provided that in case of default, the grantees might sell the land at public sale to satisfy the debt by notices posted in two public places in said county, and the deed made by the grantees under the mortgage recites that notice of the time, terms, and place were given by written notices posted in two public places in Miller county and

on said land. This recital in the deed must be accepted as true, there being no substantial evidence to the contrary.

(c) The contention of appellants that the substituted trustee made the sale without written authority or indorsement on the margin of the mortgage is without merit for the reason that there is no substantial evidence in the record to the effect that the substituted trustee made the sale. The deed recites that the sale was made by the trustees named in the mortgage. They executed and acknowledged the deed. One witness, Jim Davis, testified that the sale was made at the court house and that he thought it was made by A. G. Sanderson, but was not positive. This is not the character of evidence required to overcome the recitals in the deed, which the law recognizes as *prima facie* true.

No error appearing, the decree is affirmed.