TEEL *v.* HARNDEN.

4-6716                                    161 S. W. 2d 1

Opinion delivered April 20, 1942.

*A. A. Robinson, George H. Steimel* and *George M. Booth,* for appellant.

*A. J. Cole* and *W. J. Schoonover,* for appellee.

MEHAFFY, J. The appellants, Everett Teel and Gladys Teel Latham, brought suit in the Randolph chancery court against the appellee, Adeline Harnden, on January 29, 1941, alleging that on and prior to February 3, 1920, appellant, Everett Teel, was the owner of 160 acres of land in Randolph county, Arkansas, describing said lands in the complaint; that on February 3, 1920, appellant, Everett Teel, conveyed by warranty deed said lands to his wife, Anna Teel; Anna Teel died on May 1, 1920, leaving surviving her her husband, Everett Teel, and Gladys Teel, now Gladys Latham; that said Gladys Latham had and was entitled to a homestead right in and to her mother's real estate until she attained her majority, which would have been on March 4, 1937; on November 2, 1920, the appellant, Everett Teel, mortgaged said lands to Dr. S. G. Harnden; Everett Teel remarried on November 15, 1929; he, joined by his then wife, mortgaged the same land at a time when the deed record showed that Anna Teel died seized of said lands; said second mortgage was given to secure a certain promissory note of even date and due and payable five years later; that the mortgage purported to give the mortgagee a power of sale set out therein; that said power of sale was not followed in an attempt to foreclose said mortgage and was not substantially followed as contemplated by statute; said sale was not made by the

mortgagee nor an assignee and was therefore invalid; that the attempted foreclosure was before said note and mortgage were due and payable; said attempted sale was invalid for the further reason that proper notice, as required by law and set out in the mortgage, were not given and said foreclosure was and is invalid for the reason that no notice was ever served on Everett Teel, the appellant, as required by law; that all of the above proceedings are invalid for the following reasons:

"1. Said mortgage attempted to convey an estate not then owned nor subsequently acquired by the mortgagor.

"2. All of the above related proceedings were had and done or attempted to be had and done before Gladys Teel Latham had attained her majority and at a time when the homestead right in and to said lands was vested in her and at a time when the said Everett Teel possessed only an estate by curtesy, if any, and that said estate by curtesy, if any, was inferior and subject to her homestead right until she attained her majority.

"3. Said foreclosure and sale or attempted foreclosure and sale was invalid because same was not had as provided by law in that said notices were neither published nor posted as specifically stated in said mortgage and as are required by law.

"4. Said purported sale by foreclosure was not made nor attempted to be made by the mortgagee and that the power to sell was not properly delegated in writing to a properly appointed agent.

"5. Said attempted foreclosure and sale was invalid because it was premature and at a time long before the said note was due and payable.

"6. Said sale was not under an execution on any judgment from any court for any debt of the said Everett Teel, and did not attempt to sell and/or convey the interest, if any, owned by the said Everett Teel."

Appellants further alleged that the appellee has been in possession of said premises since 1934 and has had the use and benefit of same and has used and col-

lected all rents from same; that she has also cut, used, hauled away and disposed of timber of the fair value of $250; that she permitted a dwelling house on the property of the value of $250 to be destroyed by fire without same being insured and that appellants have been damaged in said aggregate sums; that appellants are entitled to immediate possession.

The appellee filed a demurrer which is not shown to have been acted upon by the court. Appellee filed, answer denying each and every material allegation contained in the complaint and specifically admits that on February 3, 1920, appellant, Everett Teel, was the owner and in possession of the lands in controversy; she denied that Everett Teel at any time conveyed the lands to his wife, Anna Teel, or that any deed was acknowledged or delivered or that the deed was valid or effective, such that would pass title; denied that the deed was filed for record by Anna Teel or that she had any knowledge thereof; that the attempted delivery of the deed was conditional and not intended as a valid deed; that after the execution of the deed Everett Teel remained in custody and retained control and exercised full ownership the remainder of the life of Anna Teel, and executed a mortgage on the property to S. G. Harnden on November 15, 1929; admits that Anna Teel died about May 1, 1920, and left surviving her Everett Teel and her daughter, Gladys Teel Latham, a minor, but denies that Anna Teel, at the time of her death, was seized of title to the land in controversy; denies that Gladys Teel Latham was entitled to any interest; she alleges that on November 2, 1920, Everett Teel executed a note to George S. Harnden in the sum of $174 payable one year after date with interest; that Everett Teel on the same date executed a mortgage on the lands in controversy to secure the payment of said note; that said mortgage was recorded January 3, 1921; that at this time Everett Teel was the record owner of the said lands and that Harnden had no notice of any alleged deed; that no part of the principal of said indebtedness had been paid; that on May 15, 1929, there was due and owing to Harnden by Teel the sum of $188 and on said day, in renewal, Teel made and

executed a note in the sum of $188 due and payable two years after date with interest at 10 per cent. per annum, and the same date, in renewal, Teel and his then wife, Myrtle Teel, executed and delivered to said Harnden a mortgage on the lands in controversy; said mortgage was duly executed and recorded; that both the aforesaid mortgages were executed to Harnden to secure the same debt and that both mortgages were taken without knowledge of the claim by Gladys Teel Latham; that the last mortgage was not intended to satisfy or release the first one; she denied that the mortgage was given to secure a debt due in five years, but alleged that it was due in two years after date; that the sale under the mortgage was had as required in the mortgage, and that the appellee, Adeline Harnden, became the purchaser at such sale and the mortgagee executed a deed to her for $260; denied that the sale was invalid and further alleged that should there be any defect or irregularity in the last mortgage the original mortgage be in force and effect; that through the sale Adeline Harnden be subrogated to the rights of the said G. S. Harnden and that the plaintiffs are barred and estopped from maintaining this suit; she denies that she has received any rents or profits from the lands; denies that she has cut, removed, or sold timber from said land of the value of $150 or in any other sum; denies that the residence in the value of the sum of $250 was caused to be burned by her negligence or otherwise; denied that either of the plaintiffs is entitled to the immediate possession of the land; further alleged that this suit should have been brought against the heirs of S. G. Harnden; pleads estoppel and the statute of limitations.

The appellants filed a reply which was a general denial of the allegations contained in the answer.

The court entered the following decree: "On this May 29, 1941, the same being an adjourned day of the Randolph chancery court, the above cause having been reached on the regular call of the calendar, come the plaintiffs in person and by attorneys, George H. Steimel and A. A. Robinson, and comes the defendant, Adeline

Harnden, in person and by her attorney, W. J. Schoonover, and all parties announce ready for trial.

"Whereupon, the cause is submitted to the court upon the complaint of the plaintiffs, and exhibits thereto, the answer of the defendant and exhibits thereto, the reply of the plaintiffs to the answer of the defendant, oral proof adduced in open court as well as documentary records and proof in evidence, and all other pleadings, matters, things and proof in the cause, and the court thereupon takes the case under advisement and asks for the submission of written briefs of counsel.

"On this July 18, 1941, this cause having been taken under advisement and submitted on briefs as aforesaid, the court doth find: that the court has jurisdiction of the parties and the subject of this action.

"That this is an action of the plaintiffs to establish their title, recover possession and an accounting of rents of and to the following described land, real estate and premises, in Randolph county, Arkansas, to-wit: the southeast quarter of the southeast quarter of section twenty-eight; the northeast quarter of the northeast quarter, the northwest quarter and the southwest quarter of the northeast quarter of section thirty-three, all in township twenty north, range one (1) west, containing 160 acres, more or less.

"That the said defendant, Adeline Harnden, is in possession of the said land and premises, under a claim of ownership and title thereto, and that there is a common source of title in the plaintiffs and the defendant, the title thereto having been originally in the plaintiff, Everett Teel, and both parties claiming through said source.

"That the plaintiffs' claim of title to said lands, for the recovery of the possession thereof, for damages and for an accounting of rents is not sustained by the proof herein, and that all issues are found in favor of the defendant, and plaintiffs' complaint should be dismissed for want of equity.

"It is therefore by the court now considered, ordered, adjudged and decreed that the plaintiffs, Everett

Teel and Gladys Teel Latham, take nothing by reason of their cause of action herein, and that their complaint and cause of action be dismissed for want of equity.

"It is further ordered and decreed that the plaintiffs, Everett Teel and Gladys Teel Latham, pay all costs of this cause laid out and expended, and that the defendant, Adeline Harnden, have and recover judgment against them for such costs for which execution may issue.

"To the findings, judgment and decree of the court, the plaintiffs, Everett Teel and Gladys Teel Latham, object and except, and pray an appeal to the Supreme Court of Arkansas which is hereby granted."

The case is here on appeal.

There was introduced in evidence a deed from Everett Teel to Anna Teel, dated February 3, 1920; mortgage with power of sale, Everett Teel to George S. Harnden, November 2, 1920; mortgage with power of sale, Everett Teel and wife, Myrtle Teel, to S. G. Harnden, November 15, 1929; mortgagee's deed under power of sale, S. G. Harnden to Adeline Harnden, March 8, 1934; note dated November 2, 1920, Everett Teel to George S. Harnden for $174 payable one year after date; mortgage with power of sale, Everett Teel, widower, to George S. Harnden, November 2, 1920; note dated November 15, 1929, payable two years after date, Everett Teel to S. G. Harnden; mortgage with power of sale, Everett Teel and wife, Myrtle Teel, to S. G. Harnden, due and payable two years after date; mortgagee's deed, S. G. Harnden to Adeline Harnden, March 8, 1934.

Everett Teel testified in substance that he deeded the land in controversy to his wife, Anna Teel, on February 3, 1920; delivered the deed; nothing was paid for it; gave it to his wife because he wanted to; handed the deed to her in the house, but does not know what she did with it; never saw the deed again; gave a mortgage to Dr. Harnden on November 2, 1920.

Anna Teel died in May, 1920, but the deed that Everett Teel testifies he gave to her was not recorded

until after he had executed a mortgage to Dr. Harnden. Dr. Harnden had no notice that any deed was ever made, and there is really no evidence of what was done with the deed between the time it was made and the date of Anna Teel's death.

Gladys Latham was born March 4, 1916; testifies that she cannot remember when she first came into possession of the deed, but it was at her grandfather's house and was after the death of her mother; her grandfather gave her the deed after she was married in 1935.

Tom Hulvey, a brother of Anna Teel, testified that he was present in Pocahontas on January 30, 1934, at the sale of the land under the power in the mortgage; that Mrs. Harnden did not bid on the land; does not remember who sold the land; Mr. Baker had some papers and gave them to Dr. Harnden; that his brother lived on the place last year under a contract with Mrs. Harnden.

Rufe Baker, the circuit clerk, testified that he prepared the notices of sale when the sale was made under the power in the mortgage; does not know who conducted the sale, but says Dr. Harnden bought the land; does not know who sold it.

It is not denied that before Anna Teel's deed was recorded Everett Teel executed and delivered a note and mortgage to Dr. Harnden for $174. The evidence shows that no part of the principal was ever paid. It is not denied that the debt was due Dr. Harnden from Everett Teel. The note and mortgage executed in 1929 were between the same parties and for the same debt that was originally made in 1920. In fact, the appellants say in their brief that the second note and mortgage perhaps represented the same indebtedness, but different mortgagees. We think the evidence shows conclusively that the mortgagee was the same in each of the mortgages, the one dated 1920 and the one dated 1929.

It is contended by the appellants that Everett Teel had no title or interest in the land in controversy when he mortgaged it in 1920. However, the undisputed proof

shows that this was before the deed to Anna Teel was recorded.

There is some evidence to the effect that the debt secured by the mortgage executed in 1929 was due five years after date, but there is other evidence which shows that it was due in two years. The original note was introduced in evidence, but is not in the transcript. There was evidence tending to show that it was difficult to tell whether the mortgage was due in five or two years, and the clerk, in transcribing and copying the mortgage, fixed it at five. We think, however, the preponderance of the evidence shows that it was two instead of five years.

Not only did Dr. Harnden have no notice of the deed from Teel to his wife, but Teel occupied the land, exercised ownership and control, just as he did before he claims to have deeded the land to his wife.

The contention, however, is principally about the second note and mortgage. It is claimed that the sale was not conducted as required by the mortgage and by law. In our view of this case, it really makes no difference, because the second mortgage was given to secure the same debt, and Dr. Harnden kept possession of the original note and mortgage. No release or satisfaction was ever made of the first indebtedness or mortgage.

"A mortgage does not lose its priority by taking a renewal mortgage when the debt is the same and the property is not released from the lien. . . .

"Likewise the giving of a new note secured by a deed of trust for the same debt, does not deprive the holder of the new security of the right to foreclose the original mortgage." 2 Jones on Mortgages, 664.

In Arkansas Mortgages by Hughes, it is stated on page 246: "A mortgagee who takes a new mortgage to secure the old debt and releases the first mortgage may have the lien of the first mortgage restored if the new mortgage prove to be invalid, if he has acted in good faith and without culpable negligence. This is a rule close akin to the doctrine of subrogation, applied when a defective security has been taken.

"In an early case the mortgagee took a new mortgage in ignorance that a second mortgage had been placed upon the property. He was restored to his rights under the original mortgage as against the second mortgagee who had full knowledge that the new mortgage was but a renewal.

"In a later case the same rule was applied in favor of a mortgagee who. had satisfied his original mortgage and taken a new one for the same debt, the new mortgage being void for noncompliance with the homestead statute." See, also, *Shurn* v. *Wilkinson,* 131 Ark. 167, 198 S. W. 279; *Davies* v. *Pugh,* 81 Ark. 253, 99 S. W. 78; *Roark* v. *Matthews,* 125 Ark. 378, 188 S. W. 841; *Jordan* v. *Wilkerson & Carroll Cotton Co.,* 152 Ark. 533, 238 S. W. 780.

The deed given by Dr. Harnden to the appellee, Adeline Harnden, recites that the sale was made in conformity to the law, and there is no satisfactory evidence to the contrary. After this sale was made Teel turned the land over to the appellee without any objection. He did not even suggest that there was any defect until nearly seven years after the sale.

This court recently said in the case of *Clark* v. *Womack,* 192 Ark. 895, 95 S. W. 2d 891: "The deed recites that the sale was made by the trustees named in the mortgage. They executed and acknowledged the deed. One witness, Jim Davis, testified that the sale was made at the court house, and that he thought it was made by A. G. Sanderson, but was not positive. This is not the character of evidence required to overcome the recitals in the deed, which the law recognizes as *prima facie* true."

It will be remembered that both Dr. Harnden and Mrs. Anna Teel were dead at the time of this trial. There is no claim that the original debt was not due from Teel to Harnden, and the only claim with reference to the original note and mortgage is that Everett Teel had already deeded this property to his wife. The evidence conclusively shows that this deed was not put on record; that it was secret, and that Dr. Harnden knew nothing about it.

Section 1847 of Pope's Digest reads as follows: "No deed, bond, or instrument of writing, for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, hereafter made or executed, shall be good or valid against a subsequent purchaser of such real estate for a valuable consideration, without actual notice thereof; or against any creditor of the person executing such deed, bond, or instrument, obtaining a judgment or decree, which by law may be a lien upon such real estate, unless such deed, bond, or instrument, duly executed and acknowledged, or approved, as is or may be required by law, shall be filed for record in the office of the clerk and ex-officio recorder of the county where such real estate may be situated."

The evidence conclusively shows that Dr. Harnden did not satisfy the original debt and did not release the note and mortgage, but kept possession of both; and since there was no satisfaction of the original debt, no release of the note and mortgage, it becomes unnecessary to discuss or decide the other questions raised by the parties.

The decree of the chancellor is correct and is, therefore, affirmed.