UNITED STATES of America,
Appellant,

v.

GREGORY–BEAUMONT EQUIPMENT
COMPANY, Appellee.

No. 15677.

United States Court of Appeals
Eighth Circuit.

May 3, 1957.

John G. Laughlin, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Osro Cobb, U. S. Atty., Little Rock, Ark., and Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellant.

Hout & Thaxton, Newport, Ark., filed brief for appellee.

Before GARDNER, Chief Judge, WOODROUGH, Circuit Judge, and DONOVAN, District Judge.

DONOVAN, District Judge.

This is an appeal from an order of the trial court allowing appellee (hereafter referred to as plaintiff) as a lienholder, to assume a position of priority over the appellant (hereafter referred to as the government). The case was submitted to the court on stipulated facts.

On September 3, 1953, one Willie Block had 108 acres of rice under cultivation on his farm in Poinsett County, Arkansas. On that date he purchased a combine from plaintiff and in payment therefor executed a promissory note in the sum of $4200.00 with interest. He defaulted in his payments.

In January, 1954, Block applied to Farmers Home Administration (hereafter referred to as FHA), United States Department of Agriculture, for a crop loan for production of his 1954 rice crop. The loan was made and evidenced by a promissory note dated January 4, 1954, in the sum of $3790.00, with interest, and as security therefor he executed a chattel mortgage on 108 acres of rice in said county, dated February 9, 1954, which was legally filed on that date but not recorded.

Block, delinquent in his payments to plaintiff, on June 24, 1954, executed and delivered to plaintiff a chattel mortgage securing the sum of $2200.00 with interest on the same 108 acres of rice previously mortgaged to FHA. This mortgage was specifically made subject to the first lien of FHA in the sum of $3790.00. It was filed but not recorded.

On October 11, 1954, Block applied to A.S.C. Committee of Poinsett County (Commodity Credit Corporation, hereafter referred to as CCC), for price support loans on three bins of farm stored rice. He stated that the only existing lien was that of the FHA. The county office manager, examining the Poinsett County mortgage records, noted only the filing of the FHA lien (although plaintiff's mortgage was filed and indexed in these records). The loan was made on October 20, 1954, and a chattel mortgage of even date on three bins of rice harvested from said 108 acres was executed by Block, securing payment of said loan. Another CCC price support loan was applied for by Block to be secured by a similar lien on one bin of rice, and again applicant Block referred to the FHA loan as the only lien on the rice involved. On October 28, 1954, the county office manager again examined the mortgage records and noted only the FHA loan, and price support loan papers were prepared and executed and a chattel mortgage securing the loan was executed by Block on November 8, 1954. It was legally filed on November 12, 1954, but not recorded.

The rice was harvested. The loans remained unpaid. CCC first learned of plaintiff's lien upon institution of the instant case. The sole question for decision on this appeal is whether the government should be subrogated to the mortgagee rights of FHA.

■■ The law of Arkansas governs the priority of these parties' liens. See United States v. Kramel, 8 Cir., 234 F. 2d 577. While not actually recorded, the mortgages in question were filed in compliance with Arkansas law. Arkansas law approves the rule that when one advances money to pay off an incumbrance at the instance of either the owner of the property or the holder of the incumbrance with the express or implied understanding that the advance made is to be secured by a first lien on the property and the new security is not a first lien, the holder of such security, if not chargeable with culpable and inexcusable neglect, will be subrogated to the rights of the prior incumbrancer. The object is to bring about the doing of complete, essential and perfect justice among all parties without regard to form. See Stephenson v. Grant, 168 Ark. 927, 931, 271 S.W. 974; Hughes Co. v. Callahan, 181 Ark. 733, 27 S.W.2d 509.

■ Plaintiff's lien was specifically made subject to the outstanding FHA lien which was satisfied by money advanced by the government. To give priority to plaintiff's lien under these circumstances would amount to unjust enrichment of plaintiff, at the expense of the government. Mere failure to discover a filed lien does not foreclose application of the doctrine of equitable subrogation where funds have been advanced to discharge a first lien as disclosed by the record of the instant case.

Concluding, we must realistically recognize that the various governmental agencies referred to in the instant case as Farmers Home Administration, Commodity Credit Corporation and the United States Department of Agriculture were and are, for present purposes, creatures of the government, and the moneys advanced or loaned by them were taken from government funds.

Reversed.