**UNITED STATES of America,
Appellee,**

v.

**Randy HUGHES and Kenny Hughes,
Appellants.**

**No. 73-1757.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1974.

Decided June 28, 1974.

Rehearing Denied Aug. 6, 1974.

James H. McKenzie, Prescott, Ark., for appellants.

Robert E. Johnson, U. S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and WANGELIN, District Judge.*

WANGELIN, District Judge.

This appeal is from the holding of the United States District Court for the Western District of Arkansas, Texarkana Division, that Randy Hughes and Kenny Hughes, appellants herein, have a mortgage that is junior to the prior en-

* H. KENNETH WANGELIN, District Judge, Eastern District of Missouri, sitting by designation.

cumbrance of the Small Business Administration (herein SBA).

The ultimate issue is whether the Hugheses were equitably subrogated to the first lien position because of their satisfaction of the first mortgage held by the Nashville Federal Savings and Loan Association.

Appellants contend that with their payment to the holder of the first lien for the full amount, then based on the rule in United States v. Gregory-Beaumont Equipment Company, 243 F. 2d 591 (8th Cir. 1957), they are entitled to be subrogated to rights of the first mortgagee.[1] A close reading of that case is necessary, particularly as to the following:

> Arkansas law approves the rule that when one advances money to pay off an incumbrance at the instance of either the owner of the property or the holder of the incumbrance with the express or implied understanding that the advance made is to be secured by a first lien on the property and the new security is not a first lien, the holder of such security, if not chargeable with culpable and inexcusable neglect, will be subrogated to the rights of the prior incumbrancer.

At 592.

From the above cited rubric it would seem that the contention of the appellants is well founded save for the exception "if not chargeable with culpable and inexcusable neglect." Such gives rise to the pivotal issue: whether the Hugheses were chargeable with culpable and inexcusable neglect.

As we read the trial court's opinion, it determined that the Hugheses, as purchasers of the property, were guilty of inexcusable neglect in consummating the transaction and failing to pay heed to the SBA second mortgage, and, therefore, the Hugheses should not be equitably subrogated to the rights of the first mortgagee, Nashville Federal Savings

and Loan Association. The evidence discloses that aside from constructive notice under the Arkansas recording statute, § 16–114, Ark.Stat.Ann.1947 (1968 Replacement Volume), that Kenny Hughes knew of the SBA mortgage but proceeded with the purchase and satisfied the first mortgage and accepted a deed to the land without further regard to the interests of the SBA.

The district court in making this ruling denying equitable subrogation to the purchasers of the land did not misapply Arkansas law under the circumstances. Accordingly, we affirm.

Affirmed.

---

1. It should be noted that the law of Arkansas governs the priority of liens. United States v. Gregory-Beaumont Equipment Company, *supra*; United States v. Kramel, 234 F.2d 577 (8th Cir. 1956).