652 A.2d 262

FIRST FIDELITY BANK, N.A., N.J., PLAINTIFF, v. GEORGE A. BOCK, CAROL E. BOCK, HUSBAND AND WIFE, THE UNITED STATES OF AMERICA AND TERRA–VEST, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Morris County

Decided: June 27, 1994.

*Richard A. Stein* for plaintiff (*Valentino, Dunne & Stein,* attorneys).

*Garry S. Rothstadt* for defendant Terra Vest (*Bray, Chiocca, Rappaport & Rothstadt,* attorneys).

## OPINION

MacKENZIE, P.J.Ch.

The court reserved decision on June 24, 1994, after hearing oral argument on cross-motions for summary judgment. The court now grants plaintiff's motion and denies defendant Terra Vest's motion, for the reasons set forth below.

The facts are clear and uncontroverted. On November 17, 1987, plaintiff First Fidelity Bank made a loan to defendants George and Carol Bock, in the amount of $55,000. The loan was secured by a second mortgage, dated November 17, 1987, and recorded on December 9, 1987. The date of maturity was June 23, 1991.

Defendant Terra Vest obtained a judgment in the Superior Court of New Jersey against defendant George Bock in the amount of $43,034.99, which judgment was entered on June 3, 1991. The judgment was recorded on June 11, 1991.

When the original loan matured on June 23, 1991, the note was not paid in full. A second promissory note, in the amount of $45,293.86, was executed by the Bocks in favor of plaintiff, on September 27, 1991, which note was secured by the original mortgage. In effect, the bank rolled over the original note as an accommodation to the Bocks. The face amount of the second note represented the principal balance due on the original note, together with accrued interest. The maturity date was January 30, 1992. The loan history as documented in the bank's records reflects the September 27, 1991 note as a new loan and the November 17, 1987 note as satisfied.

On January 30, 1992, the second note matured and again it was not paid in full. On the same date, a third note in the amount of $39,999.16 was executed by the Bocks, in favor of plaintiff, which note was secured by the original mortgage. Again, the third note represented a roll-over of the second note. The bank's loan history reflects the January 30, 1992 note as a new loan and the September 27, 1991 note as satisfied.

The Bocks defaulted under the terms of the note on January 15, 1993, and plaintiff instituted this foreclosure action on July 28, 1993. A default was entered against the Bocks for their failure to answer or otherwise plead. Defendant Terra Vest filed a contesting answer on November 29, 1993, disputing plaintiff's priority.

Both parties have agreed that there are no genuine issues of material fact in dispute and this case is ripe for summary judgment.

*N.J.S.A.* 46:9–8.2 provides, in pertinent part:

Notwithstanding any other law to the contrary, the priority of the lien of a mortgage loan which has undergone a modification, as defined by this act, shall relate back to and remain as it was at the time of recording of the original

mortgage as if the modification was included in the original mortgage or as if the modification occurred at the time of recording of the original mortgage.

*See also Goldome Realty Credit Corp. v. Harwick,* 236 *N.J.Super.* 118, 122, 564 *A.*2d 463 (Ch.Div.1989). *N.J.S.A.* 46:9–8.1d(1) defines "modification" as "a change in the interest rate, due date or other terms and conditions of a mortgage loan except an advance of principal or a substitution in the collateral."

The enactment of *N.J.S.A.* 46:9–8.2 in 1985 served to recognize the emergence of alternative lending instruments used by creditors to provide flexible lending options to the debtor while still maintaining a secured priority interest. ASSEMBLY BANKING AND INSURANCE COMMITTEE STATEMENT, SENATE, No. 2308—L.1985, c. 353; *see also* 29 *New Jersey Practice, Law of Mortgages* § 117, at 98 (Roger A. Cunningham & Saul Tischler) (Supp.1994). The Committee Statement does reference balloon mortgage loans and home equity loans as examples of such mortgage instruments; however, this reference is not all-inclusive.

Plaintiff argues that the subsequent promissory notes merely represent a modification, as contemplated in the original note and mortgage.[1] Defendant argues that the subsequent promissory notes must be treated as new loans, rather than modifications of the original loan. Defendant's argument relies upon the fact that the payment history expressly recorded the subsequent promissory notes as "new" loans that retired the original note. Thus, defendant claims priority because the new loans were executed subsequent to the docketing of its judgment.

There is no decisional authority further defining or interpreting the term "modification" as set forth in *N.J.S.A.* 46:9–1d(1). Thus, whether the execution of a "new" loan and satisfaction of the original loan preserves priority of the original mortgage as against

---

[1] The original note provided that if the parties change the interest rate, due date or other terms of the mortgage, the changes shall constitute a modification, as defined in *N.J.S.A.* 46:9–8.1d(1).

an intervening judgment holder is an issue of first impression in this state.

Defendant's argument relies upon the bank's recordation of the subsequent notes as "new" loans and the satisfaction of the original note. However, semantics do not prevent the court from considering the purpose and effect of the subsequent promissory notes.

Regardless of whether the transactions constituted new loans or modifications of the original note, their effect was merely to extend maturity dates and other loan terms. No additional money was advanced. The mortgagee and the mortgagor never intended to release the original lien of the mortgage. The 1987 mortgage was never cancelled of record. Thus, the new promissory notes must be considered tantamount to a modification, as defined in *N.J.S.A.* 46:9–8.1d(1).

Since the court concludes that the subsequent promissory notes are modifications of the original note, secured by the 1987 recorded mortgage, *N.J.S.A.* 46:9–8.2 is now dispositive of this action. The court finds that plaintiff's lien has priority over defendant's intervening judgment because plaintiff's priority relates back to the recording of the original mortgage.

The court recognizes that plaintiff twice extended the loan maturity date rather than declare a default against the mortgagor. A loss of priority under circumstances such as these could effectively discourage lenders from using flexible lending instruments to refinance or modify troubled loans, a result which would be contrary to the legislative intent of *N.J.S.A.* 46:9–8.2. *ASSEMBLY BANKING AND INSURANCE COMMITTEE STATEMENT, supra.*

The court is mindful that defendant is not prejudiced by such a result. At the time the defendant docketed its judgment against the mortgagor, the defendant had record notice of the 1987 lien held by plaintiff. This is not a case where a subsequent lien or judgment was executed without notice of a superior lien. In addition, had the lender executed a renewal of the original loan

rather than a new promissory note, defendant's judgment lien would have been subordinate to plaintiff's mortgage in the first instance.

Although an issue of first impression, the court's holding is consistent with persuasive authority.

> As a general rule, entering satisfaction of a mortgage and taking a new one, when designed by the parties to be merely a continuation of the first mortgage, and when the two acts are practically simultaneous or parts of the same transaction, is not an extinguishment of the mortgage, but a renewal thereof, and does not give priority to an intervening judgment or mortgage creditor of the mortgagor, especially where it is done in good faith, in ignorance of the existence of the intervening lien, and without any intention to release the lien of the mortgage.
>
> [59 *C.J.S. MORTGAGES* § 281 (1949) (footnotes omitted).][2]

The Fifth Circuit Court of Appeals held in *Barnouw v. Ozark*, 304 *F*.2d 717 (5th Cir.1962), that when a new mortgage is executed simultaneously with a formal satisfaction and discharge of the old mortgage, the priority of the initial mortgage is not extinguished. *Id.* at 722. Thus, the subsequent mortgage relates back and is treated as prior to liens that attached during the period of the initial mortgage. *Ibid.* (quoting *Merchants & Marine Bank v. The T.E. Welles*, 289 *F*.2d 188 (5th Cir.1961)).

The Missouri Supreme Court held that "where the holder of a senior mortgage discharges it of record, and contemporaneously takes a new mortgage, he will not . . . be held to have subordinated his security to an intervening lien unless it was his intention to do so." *Greenfield v. Petty*, 346 *Mo.* 1186, 145 *S.W.*2d 367 (1940). Similarly, the Arkansas Supreme Court held that a mortgagee does not lose its priority right when it executes a renewal mortgage that secures the same debt and the property is not released from the lien. *Teel v. Harnden*, 204 *Ark.* 103, 161 *S.W.*2d 1 (1942). *See also Copp v. Millen*, 11 *Cal.*2d 122, 77 *P.*2d 1093 (1938) (no prejudice to the intervening lien holder since its lien would have

---

[2] Situations which are exempt from the general rule include when the parties intended to release the lien of the prior mortgage, when there is a designation of a new mortgagor and when the new lien secures a different debt. 59 *C.J.S. MORTGAGES* § 281 (1949).

been subordinate had the original lien holder not renewed or executed a new loan).

Accordingly, the court finds that the execution of a subsequent promissory note coupled with the satisfaction of the original note is a loan "modification" as contemplated by *N.J.S.A.* 46:9–8.2. The court considers that no new money was advanced, the subsequent notes merely extended maturity dates and amended loan terms, the mortgagee and mortgagor never intended to release the original lien, and the 1987 mortgage was never cancelled of record. Under such circumstances, it would be inequitable to deny plaintiff priority.